558 P.2d 591 (1976)
Gerald C. LEMLER and Elizabeth H. Lemler, Individuals, Plaintiffs-Appellants
v.
REAL ESTATE COMMISSION of the State of Colorado, Defendant-Appellee,
The Damar Company, Inc., a Colorado Corporation, et al., Defendants.
No. 76-250.
Colorado Court of Appeals, Div. III.
December 30, 1976.
Calkins, Kramer, Grimshaw & Harring, Robert E. Olsen, Denver, for plaintiffs-appellants.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Asst. Atty. Gen., Jacqueline Vermeulen, Sp. Asst. Atty. Gen., Denver, for defendant-appellee.
RULAND, Judge.
The sole issue on this appeal is whether payment may be obtained from the Colorado Real Estate Recovery Fund to satisfy a judgment entered against a corporation and its president as the result of fraud committed in connection with a contract to erect a residence upon the property of the plaintiffs. The trial court ruled that recovery was not available from the Fund, and plaintiffs appeal. We affirm the trial court judgment.
Pursuant to C.A.R. 10(d), the parties filed an agreed statement as the record on appeal. This document reflects that plaintiff Gerald C. Lemler contracted with defendant The Damar Company, Inc., for the design, construction, and sale of a residence to be constructed by Damar on land owned by *592 plaintiffs. Damar, now defunct, was a Colorado corporation engaged in both the sale of existing homes and custom construction and sale of homes. Damar held a corporate real estate broker's license pursuant to § 12-61-103(7), C.R.S.1973, and defendant Daniel Indgjer, as president of Damar, was the officer authorized to act as a broker for the corporation.
Plaintiffs performed their obligations under the contract with Damar consisting of payment of an earnest money deposit, preparing a foundation for the residence, and installing tile and plumbing fixtures. However, Damar defaulted on its obligations to plaintiffs. Plaintiffs filed a complaint alleging fraud, and recovered judgment by default against Damar and Indgjer in the amount of $2,160. Being unsuccessful in their efforts to collect the judgment, plaintiffs joined the Colorado Real Estate Commission as a party defendant pursuant to § 12-61-303(2), C.R.S.1973 (1975 Supp.), and applied to the court for an order directing payment of the judgment from the Fund.
Insofar as pertinent here, § 12-61-302(1), C.R.S.1973 (1975 Supp.), authorizes payment from the Fund for any final judgment of up to $50,000 entered against a licensed real estate broker for fraud in the performance of any act for which a license is required. Plaintiffs rely upon §§ 12-61-101(2)(a) and (b), C.R.S.1973, which require a license for any corporation which is engaged in, or attempts to engage in, selling or offering to sell "real estate, or interest therein, or improvement affixed thereon."
While plaintiffs concede that the licensing statute is penal in nature because of the criminal penalties involved in violation of its terms, see § 12-61-119, C.R.S.1973, they contend that the statute must be given a liberal construction under the circumstances of this case because the provisions governing the Fund are remedial in nature and are designed to protect persons defrauded by licensed brokers or salespersons. Based upon this premise, plaintiffs first argue that their contract with Damar constituted Damar's attempt to sell real estate improvements even though the improvements were to be affixed to the property in the future and that, therefore, a license was required. We find no merit in this contention.
Even if we were to disregard the penal nature of the licensing statute, see Cary v. Borden Co., 153 Colo. 344, 386 P.2d 585 (1963), we may not ignore the intent of the General Assembly as evidenced by the obvious meaning of the words employed in mandating which transactions are covered by the statute. See § 2-4-101, C.R.S.1973; Harding v. Industrial Commission, 183 Colo. 52, 515 P.2d 95 (1973). The phrase "real estate . . . or improvements affixed thereon" refers to improvements situate on real estate at the time of the sale or attempted sale.
The construction of that phrase urged by plaintiffs would lead to absurd results. An appliance such as an electric range which both seller and buyer recognize will be built into the wall of a kitchen owned by buyer may constitute a fixture or improvement. See, e. g., Chicago Title & Trust Co. v. Waldman, 288 Ill.App. 21, 5 N.E.2d 737 (1936). See also Ferganchick v. Johnson, 28 Colo.App. 448, 473 P.2d 990 (1970). Under plaintiffs' construction of the licensing statute, any merchant who sells such appliances would have to obtain a real estate broker's license. Such was clearly not the intent of the General Assembly.
In the alternative, plaintiffs claim that the construction contract constituted a sale or attempt to sell "an interest" in real estate and thus a broker's license was required. In support of this argument, plaintiffs assert that a builder holds "title" to a structure he is building until the structure is completed and transferred to the landowner. We reject this contention also.
Under the circumstances of this case, the theory proposed by plaintiffs necessarily presupposes that Damar acquired an interest *593 in plaintiffs' real property merely by signing the construction contract. To the contrary, only if the landowner fails to pay for the improvements placed upon his real estate may the builder acquire an interest in the land and improvements and that right is acquired by perfecting a mechanic's lien. See 3190 Corp. v. Gould, 163 Colo. 356, 431 P.2d 466 (1967); Kobayashi v. Meehleis Steel Co., 28 Colo.App. 327, 472 P.2d 724 (1970).
Judgment affirmed.
SMITH and BERMAN, JJ., concur.