604 P.2d 658

William **VON THADEN** and Grace Von Thaden, husband and wife, Dan Barber, deceased, and Regina Fleming, Plaintiffs/Appellees,

v.

**ARIZONA STATE REAL ESTATE COMMISSIONER, R. B. Nicholls, as representative for the Arizona State Land Department, and for the Arizona Real Estate Recovery Fund, Defendant/Appellant.**

**Nos. 2 CA–CIV 3262, 2 CA–CIV 3269.**

Court of Appeals of Arizona, Division 2.

Oct. 18, 1979.

Rehearing Denied Dec. 3, 1979.

Review Denied Dec. 18, 1979.

Law Offices of J. Emery Barker by James P. F. Egbert, Tucson, for plaintiffs/appellees.

Robert K. Corbin, Atty. Gen. by Stephen A. Avilla, Asst. Atty. Gen., Phoenix, for defendant/appellant.

## OPINION

HOWARD, Judge.

This is an action to recover money from the real estate recovery fund established by A.R.S. Sec. 32–2186. The issue here is whether Sungate Development Company (Sungate), a licensed real estate broker, was acting on its own behalf in property owned or controlled by it so as to exclude the funds from liability. The trial court found the fund liable. We do not agree.

The facts show that appellees Barber and Fleming deposited $16,789 as earnest money with Sungate for the purchase of a lot from Sungate which was to construct a house thereon. The Von Thadens deposited $14,-500 earnest money in a similar transaction. Sungate represented to the plaintiffs that the monies would be held in an escrow trust account for them. Sungate misappropriated the monies and then went bankrupt. The plaintiffs were awarded judgments against Sungate but were not able to collect them. They then brought this action against the fund.

A.R.S. Sec. 32–2186(A)(1) provides:

"This article shall not be construed to obligate the fund for the acts of a broker or salesman while acting on his own behalf in property owned or controlled by him."

The trial court found that since the earnest money was in an escrow trust account not owned or controlled by Sungate, A.R.S. Sec. 32–2186(A)(1) did not apply. The purpose of A.R.S. Sec. 32–2186(A)(1) is to preclude recovery when the broker is acting as would any owner of land and not as a broker or salesman would for and on behalf of a client. The trial court's finding misconstrues the statute. The question is not whether the broker owned or controlled the earnest money, but whether the real property which was the subject of the transaction was owned or controlled by the broker.

Plaintiffs' reliance on our decision in *Arizona Real Estate Department v. Arizona Land Title and Trust Company,* 9 Ariz.App. 54, 449 P.2d 71 (1968) is misplaced. In that case the broker was in fact a broker for the people who suffered the loss and he was acting for and on behalf of his clients. That is not the situation here.

The judgment is reversed with directions to enter judgment in favor of appellant.

RICHMOND, C. J., and HATHAWAY, J., concur.