**Jane M. HELM and Theodore R. Helm, Appellants,**

**v.**

**Bonnie M. WARNER, Arvel E. McMahan, McMahan Realty Company, and Kentucky Real Estate Commission, Appellees.**

Court of Appeals of Kentucky.

March 28, 1980.

John F. Rogers, Nold, Mosley, Clare, Hubbard & Rogers, Louisville, for appellants.

Travis Combs, Jr., LaGrange, for appellees, Warner, McMahan and McMahan Realty.

Robert G. Stallings, Gen. Counsel, Kentucky Real Estate Com'n, Louisville, for appellee, Kentucky Real Estate Comm'n.

Before VANCE, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered June 20, 1979, sustaining an order of the Kentucky Real Estate Commission, which

found that although a licensed real estate salesperson was guilty of negligence and incompetence which resulted in damages to the appellants, the salesperson and the broker for whom she worked were not subject to the provisions of KRS 324.160.

Appellants Helms had originally filed a complaint with the Real Estate Commission alleging that appellee Warner, as a licensed real estate agent, misrepresented them in locating a contractor and drafting a residential construction contract. Warner was acting as an agent on behalf of Arvel McMahan and the McMahan Realty Company, the broker. After the McMahan form contract between the builder and the Helms was executed and the house was two-third's complete, the builder defaulted and filed bankruptcy. The Helms then discovered that the contract had no provision for builder's default or for the completion of the house, and did not protect them from liens and other liabilities related thereto. A formal hearing was conducted by the Commission on December 7, 1978, and the complaint was dismissed because the agent and the broker did not possess guilty knowledge of their actions, although they were negligent and incompetent. The circuit court confirmed the findings of the Commission.

The appellants argue that real estate agents and brokers who negligently and incompetently violate the provisions of KRS 324.160(1) should have their licenses suspended or be fined by the Commission. The appellants also argue that the preparation of a construction contract is the unlawful practice of law, a Class "B" Misdemeanor under KRS 524.130(3), and is therefore a violation of KRS 324.160.

This Court affirms the judgment of the circuit court and the decision of the Commission.

■ This Court declines to overturn the decision of the Commission as sustained by the circuit court because the findings of the Commission are supported by substantial evidence. It is a well settled principal of law that the trier of fact, who has the opportunity to evaluate the credibility of the witnesses, should be undisturbed if those findings and conclusions are supported by substantial evidence. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298 (1972); Davis, Administrative Law Text, § 29.01 (3rd Ed. 1975).

Here, agent Warner was found to be negligent in preparing the contract which caused the Helms substantial damage. However, she was not found guilty of violating the statute. The statute requires intentional acts of wrongdoing by the licensee, as distinguished from mere negligence or incompetence.

■ The issue of negligence is now pending in an independent civil suit in the Jefferson Circuit Court. The question of the unlawful practice of law in the preparation of the contract, which could be a violation of KRS 524.130(3), was not properly raised before the Commission or the circuit court. This Court will not consider it in reviewing this case. If there has been a violation of criminal law, that matter could properly be addressed to those authorities charged with the enforcement of such laws, such as the county attorney or the commonwealth attorney. It has not been properly or timely raised in this action.

■ It is the holding of this Court that in order to be found guilty of violating KRS 324.160, there must be some intentional acts of wrongdoing by the licensee, as distinguished from mere negligence or incompetence.

For the reasons set out above, the judgment of the circuit court is affirmed.

All concur.