Arthur LEISHMAN and Kentucky Real Estate Commission, Appellants,

v.

Phylis W. GOODLETT, Appellee.

Court of Appeals of Kentucky.

April 4, 1980.

As Modified April 11, 1980.

As Modified On Denial of Rehearing July 18, 1980.

Discretionary Review Denied Dec. 9, 1980.

Michael E. Conliffe, Robert G. Stallings, Louisville, for appellants.

M. Larry Miller, Harold W. Thomas, Jack A. Wheat, Louisville, for appellee.

Before VANCE, WHITE and WINTERSHEIMER, JJ.

VANCE, Judge.

The question is whether fraudulent and dishonest acts of a real estate broker or salesman not done in his capacity as a broker or salesman authorize imposition of liability upon the real estate education, research and recovery fund pursuant to KRS 324.400–324.420.

Appellant Leishman is a licensed real estate salesman. On February 1, 1977, he met with appellee whom he had known for approximately five years and solicited a loan from her in the amount of $10,000.00 to be used by him for the completion of a house which he was then constructing. Appellee was led to believe that Leishman owned the property upon which the house was being constructed and he exhibited to her a copy of a real estate contract for the house which showed Leishman as "builder/seller" and William and Suzanne Baxter as "buyers".

Appellee loaned Leishman $9,750.00 and Leishman signed the following written document:

February 1, 1977

I, Arthur Leishman, do hereby assign the sum of ($10,000.00) Ten Thousand Dollars to Phylis W. Goodlett, her heirs and assigns, in due consideration for a non–interest bearing note for a period of (90) ninety days to commence with the above date. This assignment being on the property known as 388 Ashmoor Drive, Lot 7, Section 2–C, South Point Subdivision, Fayette County, Kentucky.

Note due and payable in full or is subject to legitation (sic) on the maturity date of note, with signee subject to court costs and legal fees.

/s/ Arthur Leishman

Leishman defaulted in payment of the obligation and appellee obtained judgment in the Fayette Circuit Court for the recovery of the money loaned and for punitive damages for fraud, deceit and misrepresentation in giving appellee a note which he represented to be a lien upon the house under construction when in fact he did not own the property involved and had no right to convey any interest therein.

Suffice it to say that the Fayette Circuit Court judgment constituted a finding that Leishman was guilty of fraud and misrepresentation. The judgment was not appealed.

Appellee then filed a complaint against Leishman with the Kentucky Real Estate Commission. The Commission held a hearing and dismissed the complaint. In substance the Commission determined that Leishman was not acting in his capacity as a licensed broker or salesman, but as a builder–developer, that his conduct did not violate KRS 324.160, and that the Commission was not bound by the determination of the Fayette Circuit Court that Leishman was guilty of fraud, deceit and misrepresentation.

An appeal was taken to Jefferson Circuit Court which held that the Commission was bound by the findings of the Fayette Circuit Court, that a real estate license can be revoked or suspended for dishonest conduct of the licensee acting in a private capacity, that the Commission should order Leishman to make restitution to appellee, and that appellee should recover from the education, research and recovery fund the sum of $10,-000.00 in the event Leishman failed to make restitution within twenty days of the order.

Leishman and the Kentucky Real Estate Commission have prosecuted this appeal.

KRS 324.160 provides that the Commission may suspend or revoke a real estate salesman's license for a number of reasons including (1) making a substantial misrepresentation, and (2) any other conduct that constitutes improper, fraudulent or dishonest dealing.

KRS 324.200 provides that if the Commission finds that any of the provisions of the chapter have been violated by a licensee, the license *shall* be suspended or revoked.

KRS 324.210 grants an appeal from the order of the Commission only to persons who have been aggrieved by an action of the Commission in refusing to grant a license or who have been aggrieved by an order suspending or revoking a license.

KRS 324.400–324.420 create a fund to be administered by the Real Estate Commission and provide that whenever a licensee has been found guilty of violation of any of the provisions of KRS 324.160, the Commission is authorized to pay an amount not to exceed $10,000.00 to an aggrieved party to compensate him for any loss sustained by reason of the violation.

We hold that appellee has no right to recover the loss sustained by her from the fund. Although his dealing with appellee did involve a loan, the proceeds of which were to be- used in completing improvements upon real estate, it cannot be said that Leishman was acting in the capacity of a broker or salesman. At the most he was a borrower who was also a builder–developer of real estate. He was not attempting to buy, sell, lease or rent any real property to appellee.

A literal reading of the statute would subject the fund to potential liability for any substantial misrepresentation or any other improper, fraudulent or dishonest conduct of a licensee whether or not such conduct was in his capacity as a broker or salesman. Under a literal interpretation of the statute the fund might find itself liable to reimburse the payee of a "cold" check written by a licensee, or to reimburse the owner of property stolen by a licensee.

We cannot give the statute such an interpretation because the result in our view leads to an absurdity. The purpose of the act is to protect the public from unscrupulous brokers and salesmen. *Sims v. Reeves,* Ky., 261 S.W.2d 812 (1952). The obvious intent is to protect the public from unscrupulous acts committed by realtors in their capacity as brokers and salesmen, not in their private capacity.

The reimbursement (from a fund derived from assessments against all real estate licensees) of members of the public who suffer loss because of dishonesty of real estate salesmen not connected with their capacity as salesmen bears no reasonable relationship to the purpose of the act.

The appellee had standing to seek judicial review in the circuit court of so much of the Commission's order as denied her right to

recovery from the fund, even though KRS 342.210 apparently limits the right of *appeal* to those who have been aggrieved by the Commission's refusal to issue a license or aggrieved by its suspension or revocation of a license. This is so because an administrative agency must accord due process and a party aggrieved by administrative action may seek judicial review as to whether the action of the administrative body was arbitrary.

The Commission found that Leishman in his dealings with appellee was not acting in his capacity as a real estate salesman. This finding is supported by the evidence and is not arbitrary. Because the fund is liable only for dishonest or fraudulent acts of licensees committed in their capacity as licensees, the appellee cannot recover from the fund even though Leishman's acts may very well have been fraudulent as to her. She must look to other sources than the fund for relief and, in fact, she has obtained a judgment against Leishman in the Fayette Circuit Court.

This disposition of the case makes it unnecessary to consider other contentions advanced by the appellants.

The judgment is reversed with direction that the petition to the circuit court be dismissed.

All concur.