MOSS ET AL., APPELLEES, *v.* ULMER, D.B.A. LOU ULMER REALTY ET AL.;
SANTER, SUPT., APPELLANT.

[Cite as Moss *v.* Ulmer (1986), 27 Ohio St. 3d 37.]

(No. 86-125—Decided November 26, 1986.)

*Schulman & Schulman* and *John Meros,* for appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, *James E. Musurca* and *Phillip L. Hack,* for appellant.

*Per Curiam.* The sole issue raised in this appeal is whether appellees may recover punitive damages from the special account under that version of R.C. 4735.12 which was in effect on February 1, 1984 (see 140 Ohio Laws, Part II, 2872, 3093-3094, as amended July 1, 1983). R.C. 4735.12 provided:

"(B) When any person, except a bonding company when it is not a principal in a real estate transaction and except a person in an action for the payment of a commission or fee for the performance of an act or trans-

action specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code, obtains a final judgment in any court of competent jurisdiction against any broker or salesman licensed under this chapter, on the grounds of conduct that is in violation of this chapter or the rules adopted under it, that occurred after March 4, 1975, and that is associated with an act or transaction of a broker or salesman specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code, such person may file a verified application, as described in this division, in any court of common pleas for an order directing payment out of the real estate recovery special account of the portion of the judgment that remains unpaid and *that represents the actual and direct loss sustained by the applicant.* * * * ''[1] (Emphasis added.)

The parties agree that the emphasized language was intended to preclude the payment of punitive damages. This conclusion is consistent with this court's holding in *Baltimore Savings & Loan Co.* v. *Frye* (1984), 9 Ohio St. 3d 164, which construed R.C. 4735.12 before it was amended to include the language emphasized above. The court noted at 166 that if the payment of punitive damages was intended to be prohibited, "[t]he General Assembly could have inserted language limiting recovery to a judgment for actual or direct losses * * *."

At issue herein is whether applying the amendment to bar payment of punitive damages to appellees in this case constitutes an unconstitutionally retroactive application of the laws in violation of Section 28, Article II of the Ohio Constitution.

In order to resolve this issue we must determine when a claim against the special account accrues. Appellees argue—and the court of appeals below held—that the cause of action accrues when suit is filed against the real estate agent. In *Bailey* v. *Gilbert, supra,* the case in conflict herewith, the court held that a right to recovery from the special account did not exist until after the conditions of R.C. 4735.12(B) were met. Specifically that section provided:

"* * * The court shall order the superintendent to make such payments out of the real estate recovery special account when the person seeking the order has shown that:

"(1) He has obtained a judgment, as provided in this division;

"(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

"(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

---

[1] R.C. 4735.12 has been amended twice since July 1, 1983 in aspects not relevant to this appeal. The amendments were effective July 1, 1985 and September 11, 1985, both dates being subsequent to the date appellees filed their complaint seeking recovery from the special account.

"(4) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the real estate recovery special account;

"(5) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment."

We reviewed a similar statute in *National Mut. Ins. Co.* v. *Whitmer* (1982), 70 Ohio St. 2d 149 [24 O.O. 3d 248]. There, we considered when a cause of action accrued under the Ohio Contribution Among Joint Tortfeasors Act and concluded that a cause of action for contribution did not arise until one of several tortfeasors paid more than his proportionate share of the judgment. In reaching this result the court distinguished between the underlying tort action and the subsequent right to contribution at 151-152, stating:

"It is clear from the provisions of the Act that the liability for contribution is distinct from the liability for the jointly committed tort. Liability to an injured party arises at the time of the tort. Liability for contribution arises only in favor of a joint tortfeasor and then only when that tortfeasor has paid more than his proportionate share of the common liability. Ohio's statutory scheme for contribution does not concern the basic relationship of tortfeasors to one who has suffered injury but establishes the relationship of tortfeasors *inter se* when one of them discharges the common liability."

Similarly, the action to recover from the special account under R.C. 4735.12 is separate from the initial action against the real estate agent and does not accrue until after the first judgment is obtained and efforts at collection of that judgment are unsuccessful. Thus, appellees' cause of action for recovery from the special account could not accrue before February 1, 1984, when they obtained a judgment against Ulmer. By that time, R.C. 4735.12 had already been amended to preclude the payment of punitive damages on appellees' claim.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court with instructions to amend the judgment to preclude the payment of punitive damages.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.