### Honeywell v. Ritenour
*[Cite as 2 AOA 328]*

Case No. 89-C-43
Columbiana County, (7th)
Decided June 28, 1990

R.C. 4735.12

*Dennis R. Clunk, Esq., 2040 S. Union Avenue, Alliance, Ohio 44601, For Plaintiffs-Appellants.*

*Anthony J. Celebrezze, Jr., Attorney General, Laurel D. Blum, Asst. Attorney General, State Office Tower, 10th Floor, 30 East Broad Street, Columbus, Ohio, 43266-0410, For Defendant-Appellee.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Columbiana County, Ohio, from the granting of a summary judgment in favor of defendant-appellee, Superintendent Margaret J. Ritenour, Ohio Department of Commerce.

Initially, plaintiffs-appellants, David L. Honeywell and Victoria Honeywell, sought recovery from the Real Estate Recovery Fund, R.C. 4735.12.

This court considered a similar application from this appellant in the case of *Honeywell* v. *Superintendent Ritenour,* (C.A. 7, 1988), Columbiana County Case No. 88-C-11, unreported. Therein relief was denied by the trial court and this court affirmed.

In the case at bar, appellants seek recovery based on the same transaction, however, in this instance, the facts are somewhat different. The trial court states in its judgment entry that the appellants based their requests for payment from the recovery fund on two judgments obtained against Marilyn M. Herron executrix of the estate of Bruce R. Herron, and Bruce R. Herron, Inc. These judgments were date November 1, 1988. The trial court points out that Bruce R. Herron and Bruce R. Herron, Inc., fraudulently misappropriated the downpayment the appellants made on a land installment contract for the purchase of property from Bruce R. Herron, Inc. The judgment further found that real estate brokers, Bruce R. Herron, Inc., and Bruce R. Herron, the president of Bruce R. Herron, Inc., are jointly and severally liable for the fraudulent mishandling of appellants' funds and the damage caused thereby.

The judgments in favor of appellants were in the amount of $20,390.96 against the executrix of the estate of Bruce R. Herron and $4,000 against Bruce R. Herron, Inc., plus costs and attorney's fees in the amount of $6,200.

On February 6, 1989, appellants filed an application with the trial court requesting payment out of the real estate recovery fund to satisfy the above judgments obtained on November 1, 1988 against Bruce R. Herron, Inc., and Bruce R. Herron, deceased. Appellee filed an answer setting forth affirmative defenses and denying that the appellants were entitled to payment from the fund. The trial court granted summary judgment in favor of appellee.

Appellants set forth one assignment of error as follows:

"The trial court's decision to grant respondent-appellee's motion for summary judgment and deny applicant-appellants' motion for summary judgment is contrary to the law."

We find appellants' assignment of error has merit for the following reasons.

R.C. 4735.12(B) reads as follows:

"When any person, except a bonding company when it is not a principal in a real estate transaction and except a person in an action for the payment of a commission or fee for the performance of an act or transaction specified or comprehended in division (A) or (C) of section

4735.01 of the Revised Code, obtains a final judgment in any court of competent jurisdiction against any broker or salesman licensed under this chapter, on the grounds of conduct that is in violation of this chapter or the rules adopted under it, that occurred after March 4, 1975, and that is associated with an act or transaction of a broker or salesman specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code, such person may file a verified application, as described in this division, in any court of common pleas for an order directing payment out of the real estate recovery fund of the portion of the judgment that remains unpaid and that represents the actual and direct loss sustained by the applicant. * * *

"The application shall specify the nature of the act or transaction upon which the underlying judgment was based, the activities of the applicant in pursuit of remedies available under law for the collection of judgments, and the actual and direct losses, attorney fees, and the court costs sustained or incurred by the applicant. The applicant shall attach to the application a copy of each pleading and order in the underlying court action.

"The court shall order the superintendent to make such payments out of the fund when the person seeking the order has shown all of the following:

"(1) He has obtained a judgment, as provided in this division;

"(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

"(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

"(4) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the fund;

"(5) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment."

The Ohio Supreme Court has given its attention to this statute and, syllabus 1 of the case of *Dent* v. *Van Winkle* (1987), 30 Ohio St. 3d 80, has ruled:

"In order to satisfy the requirements for payment from the Real Estate Recovery Fund, R.C. 4735.12, the party allegedly harmed must obtain a judgment against a broker or salesman, licensed under R.C. Chapter 4735, on the grounds of conduct that is in violation of that chapter."

In the *Dent* case, at 83, it was set forth by the Supreme Court that:

"This first paragraph of subsection (B) details four criteria which must be met in order to entitle a person to participation in the recovery fund: (1) obtaining a final judgment, (2) against a licensed broker or salesman, (3) on the grounds of a violation of R.C. Chapter 4735, and (4) which occurred after March 4, 1975."

The trial court's judgment was based on our previous opinion. However, its focus was on that portion of the previous opinion from this court that the appellee herein was merely acting as a vendor on a land contract, and, thus, the transaction was one between a vendor and vendee. In that case, the original action was one for foreclosure wherein the appellants herein filed an answer and cross-claim. The facts before this court in the previous case, from page 1 of that opinion, are as follows:

"* * * In their cross-claim, the appellants alleged that Bruce R. Herron, Inc. had previously received from them the sum of $15,000.00 as downpayment on a land installment contract to be applied on the purchase price of $64,000.00 for the real estate which was the subject of the underlying foreclosure action which had been filed by State Savings and Loan. The cross-claim went on the allege that the defendant, Bruce R. Herron, Inc., intentionally and willfully misappropriated the downpayment of $15,000.00 and had not applied it toward the purchase price. In that case, the trial court eventually entered a default judgment upon application of the appellants, the amount of that default judgment being $16,300.86. These monies had been paid by the appellants to Bruce R. Herron, Inc. as the downpayment for the purchase of real estate under a land contract wherein Bruce R. Herron, Inc. was the vendor and the appellants were the vendees. (We must, at this point, make note of the fact that at no place in the cross-claim nor in the judgment entry was it alleged nor was it found that Bruce R. Herron, Inc., at any time during those proceedings, was acting as a licensed real estate broker or real estate salesman.)"

In the previous case, the underlying judgment of the earlier application was different than the one in the instant case. This latest judgment deals directly with the activities of the appellee which were of a far broader scope than the previous case and, therefore, it appears that

the appellants' application met the criteria of R.C. 4735.12(B). In the judgment that the appellants rely on presently before us, the trial court found as follows:

"* * * [T]hat Bruce R. Herron, President of Bruce R. Herron, Inc., a licensed real estate broker, held himself out as engaged in the business of selling, exchanging, purchasing, renting or leasing real estate. For this reason, Plaintiffs approached Defendants to act as their real estate broker in order to sell their residence and purchase a new one. Defendants did, in fact, sell Plaintiff's residence and received a commission for the same.

"The Court further finds that Defendants, in their capacity as real estate brokers, supplied Plaintiffs with real estate listings and had their sales representative, Michael M. Eckstein, also a real estate licensee, take Plaintiffs to an open house, in order to help them find a new residence.

"* * *

"The Court further finds that Bruce R. Herron, President of Bruce R. Herron, Inc., fraudulently misappropriated the down payment and Plaintiff's monthly payments and failed to apply them toward the mortgage, in violation of both O.R.C. 5313.03(B) and the provisions of O.R.C. Chapter 4735.

"The Court further finds that due to Defendants' fraud and mishandling of funds, on or about December 11, 1986, State Savings and Loan filed a Complaint to foreclose on Plaintiff's home. As a result of Defendants' fraudulent behavior, which caused the foreclosure, Plaintiffs incurred a total loss of $16,300.86: the misappropriated down payment of $15,000.00 and principal payments of $1,300.86. * * *

"The Court further finds that Plaintiffs were further injured by Defendants' fraudulent behavior when they were forced to redeem their home at the Sheriff's sale for $68,000.00; or $4,000.00 more than the original purchase price.

"The Court further finds that real estate brokers, Bruce R. Herron, Inc., and Bruce R. Herron, President of Bruce . Herron, Inc., are jointly and severally liable for their fraudulent mishandling of Plaintiffs' funds and the damage caused thereby."

With this judgment in mind, we look to see whether the appellants have met the criteria of R.C. 4725.12, thus entitling them to relief from the fund.

In *Dent, supra*, at page 82, citing *Baltimore Savings & Loan Co.* v. *Frye* (1984), 9 Ohio St. 3d 164, the court stated:

"The Real Estate Recovery Fund, established in R.C. 4735.12, is designed to aid, or at least indemnify to a degree, persons damaged as a result of misconduct by a real estate licensee."

The *Dent* court also stated at pages 82-83:

"* * * The broader purpose of the Act is to protect the public from dishonest licensees."

According to R.C. 4735.12(B), recovery against the fund may be had by a party who has obtained an unsatisfied judgment against a licensed broker or salesman "* * * on the grounds of conduct that is in violation of this chapter or the rules adopted under it * * * and that is *associated with* an act or transaction of a broker or salesman specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code * * *." (Emphasis added.)

The applicant must also satisfy the five contingencies listed in R.C. 4735.12(B).

"(1) He has obtained a judgment, as provided in this division;

"(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

"(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

"(4) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the fund;

"(5) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment."

The appellants have met contingencies two through five. The two questions raised by appellee in the lower court were (1) whether or not the appellants obtained a judgment against a licensed broker on the grounds of conduct that are in violation of R.C. Chapter 4735 and that are associated with an act or transaction of a broker and, (2) whether or not the appellants are barred by res judicata from bringing this action. The trial court in its opinion agreed that the matter was not one of res judicata.

We find that the facts under the instant case are much broader than the first case that was brought to this court for determination. The instant case goes far beyond the fact situation of vendor and vendee. The important criteria is that a violation of R.C. Chapter 4735 occurred and that the licensee is subject to having his license suspended.

R.C. 4735.12(B) requires that the judgment against the licensee be on the grounds of conduct that is in violation of this chapter. R.C. 4735.18 contains a long list of those activities which merit investigation of the broker's activities by the Ohio Real Estate Commission and the suspension or revocation of the licensee's license. That section states that the license of any licensee shall be suspended or revoked if:

"* * * [I]n his capacity as a real estate broker or salesman, or limited real estate broker or salesman, *or in handling his own property*, * * * is found guilty of:

"* * *

"(5) Failure within a reasonable time to account for or to remit any money coming into his possession which belongs to others;

"(6) Dishonest or illegal dealing, gross negligence, incompetency, or misconduct;

"* * *

"(28) Having an unsatisfied final judgment in any court of record against him arising out of his conduct as a licensed broker or salesman;" (Emphasis added.)

The inclusion of the words "or in handling his own property" makes it clear that a real estate broker is amenable to the provisions of the act in dealing with his own property. In the instant case, the previous trial court specifically found that both Herron and the corporation violated R.C. Chapter 4735.

For the foregoing reasons we sustain appellants' assignment of error and accordingly reverse the judgment of the trial court and hereby enter judgment in favor of appellants.

*Judgment reversed.*

O'NEILL, P. J., Concurs.
COX, J., Concurs.