John ALLARD, Appellant,

v.

KENTUCKY REAL ESTATE COMMISSION and Loy and Phyllis Brashear, Appellees.

No. 90–CA–002026–MR.

Court of Appeals of Kentucky.

Feb. 14, 1992.

Ralph M. Mobley, Elizabethtown, for appellant.

John L. Ackman, Jr., Louisville, for appellees.

Before LESTER, C.J., WILHOIT, J., and STEPHENS, Special Judge.

STEPHENS, Special Judge.

Appellant, John Allard, appealed to the Hardin Circuit Court from an order of the Kentucky Real Estate Commission. That order revoked appellant's real estate license and ordered him to pay appellees, Loy and Phyllis Brashear, the sum of Fifteen Thousand Dollars ($15,000.00), with alternative provisions regarding that restitution. This appeal is from the opinion and order of the Hardin Circuit Court affirming the action of the Kentucky Real Estate Commission.

Appellant is a licensed real estate broker and is also in the home construction/real estate development business. Appellant contracted with the Brashears to sell them a lot and to construct a home thereon. Between the beginning and the end of this contractual arrangement much occurred. One (1) house and lot was substituted for another, by agreement of the parties. Money was paid from appellees to appellant. Money was borrowed from a lending institution and the appellees' lot encumbered. Appellant failed to pay mechanics and materialmen who had filed liens against the property. The lending institution foreclosed on its mortgage. Appellant filed bankruptcy. And, while all this was transpiring, appellant petitioned for a dissolution of his marriage. As a result of these various dealings, the Brashears lost the Fifteen Thousand Dollars ($15,000.00) they had paid to Allard. There are many other details of the dealings among the parties, which have been specifically set out in the findings of fact, conclusions of law and recommended decision of the commission's hearing officer and in the circuit court's opinion and order. This Court will not attempt to replicate all those details, but will only refer to them as is necessary for an understanding of this opinion.

Appellant argues, initially, that there was no proof of fraud or misrepresentation to support the decision of the commission. In his detailed findings of fact and statement of law, adopted by the commission, the hearing officer specifically found that appellant violated KRS 324.160 in that he made a substantial misrepresentation, his conduct constituted improper, fraudulent or dishonest dealing, and he committed gross negligence. Further, the commission found that appellant violated 201 KAR 11:040(1) and (2) with respect to the deficiencies in the contract, the contract's failure to specify financing and the existence of the encumbrance on the property. As found by the circuit court, the commission's findings of fact are amply supported by the evidence. As such, those findings are binding upon this Court. KRS 324.210; and, *Kosmos Cement Co., Inc. v. Haney*, Ky., 698 S.W.2d 819 (1985).

Appellant argues that a finding of negligence is not sufficient to support a suspension of his license and that there

must be a showing of intentional wrongdoing. In support of this position appellant cites *Helm v. Warner*, Ky.App., 597 S.W.2d 159 (1980). In that appellant was found to have committed fraudulent and dishonest acts, a resolution of this issue is not critical. However, it must be pointed out that appellant's reliance upon *Helm, supra,* is misplaced. KRS 324.160(1)(s), which establishes gross negligence as a sufficient cause for suspension, was adopted subsequent to the decision in *Helm.*

■ Appellant's contractual arrangements with the Brashears were conducted in appellant's capacity as developer/builder and not in his capacity as a licensed real estate broker. Therefore, he argues, the commission had no jurisdiction over his conduct. In support of this position he cites *Leishman v. Goodlett*, Ky.App., 608 S.W.2d 377 (1980). Once again, appellant has been thwarted by the Kentucky Legislature. KRS 324.020(2) was adopted in 1982 to specifically apply the provisions of KRS Chapter 324 to a licensee acting in the capacity of an owner or builder/developer. The commission properly exercised its authority over Allard as a result of his conduct in issue herein.

■ As mentioned previously, the commission's hearing officer entered detailed findings of fact. Thereafter, under the heading "Recommended Decision" the hearing officer recommended that Allard pay the Brashears only Nine Thousand Eight Hundred Dollars ($9,800.00), upon his failure to do so the Real Estate, Education, Research and Recovery Fund reimburse Brashears that amount, and the license of Allard be suspended until he reimburses the fund that amount. The provisions of that recommended decision are set apart from the hearing officer's findings. Nowhere within the findings is the recommendation to be found or referred to. Thereafter, the commission entered its brief order, which reads in its entirety as follows:

> Based upon the record in this matter, the Commission adapts [sic] the findings and conclusions of the hearing officer, except

the setoff for rent to which Respondent complained.

> The Respondent's license is revoked, and he is ordered to pay Complainant the sum of $15,000.00 within 30 days. If he does not so pay, the Kentucky research, education and recovery fund shall pay Complainant $15,000.00.

> The Respondent shall return his license to the Commission office immediately.

Subsequent to the commission action, but prior to the circuit court opinion, the United States Bankruptcy Court for the Western District of Kentucky entered an order which enjoined the Brashears from collecting the Fifteen Thousand Dollar ($15,000.00) debt from Allard and enjoined the commission from requiring repayment of the debt as a condition for regaining his real estate license. In the body of its opinion the bankruptcy court recited that the commission adopted the findings of fact and conclusions of law of the hearing officer. Appellant now argues, without citation of authority, that that recitation is somehow binding upon this Court and requires a reissuance of his license. That statement of fact in the bankruptcy court's opinion is surplusage, and erroneous at that, and not binding upon the circuit court or this Court upon review. *Gregory v. Com.*, Ky., 610 S.W.2d 598 (1980). Without question, the Brashears and the commission must comply with the order of the bankruptcy court with respect to the issue of repayment or restitution. However, nothing within that order compels the commission, the circuit court or this Court upon review to otherwise alter the decision of the commission.

■ A review of the record before the circuit court reflects an oblique reference to the revocation of Allard's license as being "void and unconstitutional as the statutes are impermissibly vague." This reference appears in Allard's brief in opposition to a motion to dismiss, filed at the commencement of this action in the circuit court. There is no further reference to or argument regarding the unconstitutionality of the statutes in question until appellant's motion to alter, amend or vacate the final

opinion and order of the circuit court. At no time prior to the trial court's opinion did appellant present the constitutionality issue in addressing the substantive issues. Appellant now argues, by implication, that the trial court should have held its final order in abeyance pending notice to the attorney general and compliance with KRS 418.075.

Was the reference in the brief on the procedural issue sufficient to put the parties and the trial court on notice that the validity of the statute was being called into question? The answer to that question is best obtained from a review of the trial court record. Appellant's initiating document before the circuit court (designated "Appeal Pursuant to KRS 324.210") makes no reference to the constitutionality of the statutes. The proceedings before the commission, copies of which were filed with the trial court, reflect no issue being raised regarding the constitutionality of the statutes. It would appear from appellant's post judgment motion to alter, amend or vacate and his pleadings before this Court, that appellant did not believe that he had previously brought into question the validity of the statutes. It must be concluded, therefore, that this issue was first raised after the entry of the final order. Must the trial court, as argued by appellant, put its judgment on hold pending compliance with KRS 418.075? That statute reads in pertinent part: "... In any proceeding which involves the validity of a statute, the attorney general of the State shall, *before judgment is entered*, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the attorney general of the State shall be served with a copy of the petition and be entitled to be heard." [emphasis added.] Similarly, CR 24.01, 24.02 & 24.03, dealing with intervention, are based upon the principle of "timely application". Without question, appellant's belated raising of this issue is not timely and does not comply with KRS 418.-075.

*Stewart v. William H. Jolly Plumbing Co.*, Ky.App., 743 S.W.2d 861 (1988), cited by appellant, permitted notice to and intervention by the attorney general in the appellate court where the issue was raised before the trial court but no notice given. *Stewart* has been modified, however, by *Maney v. Mary Chiles Hosp.*, Ky., 785 S.W.2d 480 (1990). While not dealing with our specific issue, *Maney* mandates a strict enforcement of and strict compliance with KRS 418.075. Appellant has failed to bring into issue the validity of the statute before the judgment was entered. Therefore, the belated effort at raising the constitutional issue must fail.

The opinion and order of the trial court is AFFIRMED.

All concur.