[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 281.]

HARBEITNER ET AL., APPELLEES, *v*. SUPERINTENDENT, OHIO DEPARTMENT OF COMMERCE, DIVISION OF REAL ESTATE, APPELLANT.

[Cite as *Harbeitner v. Ohio Dept. of Commerce, Div. of Real Estate*, 1997-Ohio-270.]

*Real estate brokers—Real Estate Recovery Fund—R.C. 4735.127 construed.*

(No. 95-1925—Submitted October 8, 1996—Decided January 22, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 68483.

_____

{¶ 1} In 1992, Alex F. Santora was a licensed real estate salesperson associated with Westway Realty, a licensed real estate broker. Apparently through the Multiple Listing Service, Santora became aware that a house owned by appellees Nelson L. and Lynn Harbeitner was for sale and that a key to the house was kept in a "lock box" installed on the door of the house. On November 25, 1992, Santora entered the Harbeitners' house by using the key contained in the lock box and stole various items of personal property.

{¶ 2} The Harbeitners sued Santora, seeking monetary recovery for their stolen personal property and other damages. They were awarded compensatory damages of $25,643.35 for loss of property, $10,000 additional compensatory damages for emotional distress, and $25,000 in punitive damages. When their efforts to collect from Santora failed, the Harbeitners filed an application for an order directing payment of all damages except punitive damages out of the Real Estate Recovery Fund pursuant to R.C. 4735.12. The Cuyahoga County Court of Common Pleas granted the application in part, allowing reimbursement of the $25,643.35 for loss of property, but not of the $10,000 for emotional distress. The Court of Appeals for Cuyahoga County affirmed that decision.

**{¶ 3}** The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Thomas P. Bliss*, for appellees.

*Betty D. Montgomery,* Attorney General*, Jeffrey S.* Sutton, State Solicitor, *Christopher S. Cook, Daniel A. Malkoff* and *Nancy H. Rogoff*, Assistant Attorneys General, for appellant.

_____

**PFEIFER, J.**

**{¶ 4}** In this case, we are asked to determine whether the judgment awarded to the Harbeitners is the type of judgment that must be paid, upon proper application, from the Real Estate Recovery Fund (the "Fund"). For the reasons that follow, we hold that the judgment was not obtained "on the grounds of conduct associated with an act or transaction of a broker or salesman" within the meaning of R.C. 4735.12(B). Accordingly, we reverse the judgment of the court of appeals.

**{¶ 5}** The Fund was created in 1974 with the enactment of R.C. 4735.12. 135 Ohio Laws, Part II, 1196. R.C. 4735.12(B) states that "[w]hen any person *** obtains a final judgment *** against any broker or salesman licensed under this chapter, *on the grounds of conduct that is in violation of this chapter or the rules adopted under it *** and that is associated with an act or transaction of a broker or salesman specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code*, such person may file a verified application *** in any court of common pleas for an order directing payment out of the real estate recovery fund of the portion of the judgment that remains unpaid and that represents the actual and direct loss sustained by the applicant. ***" (Emphasis added.)

**{¶ 6}** The statute specifically states that payment from the Fund is available when the final judgment obtained against the broker or salesperson was the result of an act or conduct in violation of R.C. Chapter 4735 <u>and</u> when the act or conduct

that occasioned the loss was "associated with an act or transaction of a broker or salesman specified or comprehended in" R.C. 4735.01(A) or (C). Thus, the Harbeitners' application for payment can be accepted only if both of these statutory requirements are met. We now turn to the statute to examine whether these prerequisites to payment from the Fund have been established.

{¶ 7} After a careful review of R.C. 4735.01(A) and (C), it is clear to us that the burglary in this case was not an act "associated with an act or transaction of a broker or salesman."[1] There is no question that Santora obtained entry to the

---

1. R.C. 4735.01(A) states: "'Real estate broker' includes any person, partnership, association, or corporation, foreign or domestic, who for another, whether pursuant to a power of attorney or otherwise, and who for a fee, commission, or other valuable consideration, or with the intention, or in the expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration:

"(1) Sells, exchanges, purchases, rents, or leases, or negotiates the sale, exchange, purchase, rental, or leasing of any real estate;

"(2) Offers, attempts, or agrees to negotiate the sale, exchange, purchase, rental, or leasing of any real estate;

"(3) Lists, or offers, attempts, or agrees to list, or auctions, or offers, attempts, or agrees to auction, any real estate;

"(4) Buys or offers to buy, sells or offers to sell, or otherwise deals in options on real estate;

"(5) Operates, manages, or rents, or offers or attempts to operate, manage, or rent, other than as custodian, caretaker, or janitor, any building or portions of buildings to the public as tenants;

"(6) Advertises or holds himself out as engaged in the business of selling, exchanging, purchasing, renting, or leasing real estate;

"(7) Directs or assists in the procuring of prospects or the negotiation of any transaction, other than mortgage financing, which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate;

"(8) Is employed by or on behalf of the owner of lots, or other parcels of real estate, at a stated salary, or upon a commission, or upon a salary and commission basis or otherwise, to sell such real estate, or any parts of it, in lots or other parcels, and who sells, exchanges, or offers, attempts, or agrees to negotiate the sale or exchange of any such lot or parcel of real estate;

"(9) Is engaged in the business of charging an advance fee or contracting for collection of a fee in connection with any contract whereby he undertakes primarily to promote the sale, exchange, purchase, rental, or leasing of real estate through its listing in a publication issued primarily for such purpose, or for referral of information concerning such real estate to brokers, or both, except that this division does not apply to a publisher of listings or compilations of sales of real estate by their owners;

"(10) Collects rental information for purposes of referring prospective tenants to rental units or locations of such units and charges the prospective tenants a fee."

Harbeitners' house by using the key in the lock box and that he garnered the information necessary to do so through his job as a real estate salesperson. However, nothing in the record suggests that the actual burglary had anything to do with Santora's job as a real estate salesperson. For example, nothing in the record indicates that Santora was involved in selling real estate, exchanging real estate, purchasing real estate, renting real estate, leasing real estate, or negotiating the sale of real estate at the time of the burglary. See R.C. 4735.01(A)(1). Nothing in the record suggests that Santora was offering, attempting, or agreeing to negotiate the sale, exchange, purchase, rental, or leasing of any real estate. See R.C. 4735.01(A)(2). The same analysis holds for subsections (3) through (10) of R.C. 4735.01(A) as well as R.C. 4735.01(C). In sum, nothing in the record indicates that Santora was involved in any conduct "associated with an act or transaction of a broker or salesman" at the time of the burglary. See *Dent v. Van Winkle* (1987), 30 Ohio St.3d 80, 84, 30 OBR 228, 231, 507 N.E.2d 345, 349 (recovery from the Fund depends on whether the real estate broker engaged in dishonest conduct in his capacity as a real estate broker).

{¶ 8} Accordingly, we hold that Santora was not involved in an act or transaction as a broker or salesperson when he burglarized the Harbeitners' house. Since the Harbeitners' are entitled to an order for payment only upon a showing that they have met both of the requirements of R.C. 4735.12(B) mentioned above, we need not determine whether the burglary in this case was conduct "in violation of [R.C. Chapter 4735]" within the meaing of R.C. 4735.12(B).

{¶ 9} We reverse the judgment of the court of appeals and enter judgment for the appellant.

---

R.C. 4735.01(C) states: "'Real estate salesman' means any person associated with a licensed real estate broker to do or to deal in any acts or transactions set out or comprehended by the definition of a real estate broker, for compensation or otherwise."

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

—————————————