·still, as stated by the Supreme Court in the Lumbra case, supra, (p. 559):

"It cannot be said that injury or disease sufficient merely to prevent one from again doing some work of the kind he had been accustomed to perform constitutes the disability meant by the Act, for such impairment may not lessen or affect his ability to follow other useful and perchance more lucrative, occupations."

If such a statement applies to War Risk Insurance, it applies with greater force to a contract of insurance between private parties and with especial force to an insurance contract worded as the one in this case.

Motion for new trial overruled.

## LAIR v LAIR

Ohio Appeals, 2nd Dist, Franklin Co

No 3309. Decided Jan 17, 1941

Arvin J. Alexander, and H. S. Kerr, Columbus, for plaintiff and for the motion.

·· Hedges, Hoover & Tingley, Columbus, and E. E. Addison, Columbus, for defendant-appellant, contra the motion to dismiss, and for the motion for extender.

## OPINION

**BY THE COURT:**

Submitted on motion of plaintiff-appellee to dismiss the appeal,

(1) For failure of appellant to file brief within fifty days after his notice of appeal was filed.

(2) For failure to file motion for extension of time within which to file briefs.

Both of these grounds of the motion are well taken and it must therefore be sustained.

We have an application of date January 4, 1941, of counsel for defendant-appellant for leave to file the briefs out of rule, but the reasons assigned therefor are not sufficient to support the order sought.

We have, without exception, enforced Rule VII when counsel have invoked it by motion, and no sufficient reason appears in this case to justify an exception to the rule.

The motion will be sustained.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.

## RUBY v HARDIN et

Ohio Appeals, 1st Dist, Hamilton Co

No 5923. Decided Mar 17, 1941

Julius R. Samuels, Cincinnati and Edwin P. Drury, for appellant.

Sanford A. Headley, Cincinnati, and James G. Headley, Cincinnati, for The Aetna Casualty & Surety Co.

## OPINION

By ROSS, J.

This is an appeal on questions of law from the court of common pleas of Hamilton County, wherein that court rendered judgment sustaining a demurrer of one of the defendants to the petition.

The plaintiff brought suit against a licensed real estate broker and his bondsman, charging fraudulent conduct on the part of the broker.

The facts alleged show that such conduct involved incidents which had no connection with or were incident to the transfer of title to real estate.

The plaintiff in her petition charges that the broker "acting as a real estate broker" induced her to enter into a contract with one Lester Ogden, for whom the broker "was acting as a broker, for the erection of a building on land owned by the plaintiff."

She further charges that the broker, wrongfully appropriated money which she had given him to pay to the contractor, that the broker increased the price mentioned in the contract to a larger sum, increased the amount of the original payment to be made, forged the plaintiff's name to certain instru-

ments. She further alleges, that, relying upon representations of the broker, she paid certain amounts of money to the contractor without release of liens and that liens have been filed against her property for such sums; that the broker caused the Department of Buildings of the City of Cincinnati to send all notices to him as owner of such premises; that notices were sent calling attention to violations of the building code; that the broker concealed such facts from plaintiff and that she was caused great damage thereby.

Plaintiff alleges that the surety entered into an obligation "for the benefit of plaintiff and other persons who might deal with said Bennett M. Hardin, a licensed real estate broker", and that the conditions of such bond were that the broker should conduct his business as a licensed real estate broker in accordance with the provisions of §§6373-25 to 6373-51 GC, and particularly in accordance with the provisions of §6373-29 GC, and should indemnify any person who may be damaged by the failure on the part of the broker to conduct his business in accordance with the provisions of the Code, "said principal agreeing to indemnify any person damaged by any misrepresentation or fraud on his part or by reason of the terms of said act."

In the petition it is further alleged that the broker "did not conduct his business as a real estate broker in accordance with the provisions of said code, did not indemnify plaintiff, who was damaged by the failure on the defendant's part to conduct his business in accordance with said act and did not indemnify plaintiff for damages sustained by her due to misrepresentations and fraud on the part of said Bennett M. Hardin and that by reason thereof the obligations of such bond were broken."

An examination of the sections of the code to which reference is made develops that such sections refer entirely to activity of a broker in connection with the transfer or renting of

property and in no way involve matters connected with the construction of buildings upon premises independent from such transactions.

This phase of the matter now presented to this court involves the liability of the surety on its bond. The liability of the broker is only involved to the extent of determining whether he has so acted as to bring the terms of the bond into operation. Of course the statute is written into the bond.

If the broker, therefore, acting as such was guilty of conduct covered by the bond or the statutes, the surety is liable.

The contention of the plaintiff is that being a licensed real estate broker the surety is liable for any fraudulent act of the principal, while he so remains, although such acts are not those usually performed by real estate broker.

It is obvious in this connection and certainly persuasive that Hardin would not have been required to be a licensed real estate broker to do legitimately any of the acts which it is charged he did fraudulently.

The sole predicate for liability of the surety is that Hardin at the time he committed the fraudulent acts was a licensed real estate broker and the defendant surety was liable for his actions **as such.**

We are unable to see any connection between the transactions involving the erection and construction of a building on the premises of the plaintiff and the character of Hardin as a licensed real estate broker. The fact that he was such at the time he committed acts of fraud cannot of itself establish liability on the surety.

We, therefore conclude that the trial court committed no error prejudicial to plaintiff in sustaining the demurrer of the surety to the petition.

The judgment is affirmed.

MATTHEWS, PJ. and HAMILTON, J., concur.