BALL, APPELLEE, *v.* RITENOUR, SUPT., OHIO DIVISION OF REAL ESTATE, APPELLANT.

(No. L-88-247—Decided June 9, 1989.)

*Barkan & Robon, Marvin A. Robon* and *Cynthia W. Godbey,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *David G. Lambert* and *Gregg Bachmann,* for appellant.

*Per Curiam.* This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

The facts underlying this appeal are as follows. In 1982, plaintiff-appellee, Sue Ann Ball (n.k.a. Sue Ann Ball Mann), was the owner of two businesses, Contemporary Personnel, Inc. and Word Force Companies. The businesses both operated from a leased office in a building located at 5445 Southwyck Boulevard, Toledo, Ohio.

In July 1982, appellee decided to sell her businesses. Appellee contacted Franklin C. Hale, a licensed real estate agent who was then employed as an independent contractor by the DiSalle Real Estate Company ("DiSalle"). Hale eventually testified that at the time he was contacted by appellee, he was working in DiSalle's commercial division and was involved in selling business opportunities. Appellee and Hale drafted an agreement granting DiSalle an "exclusive right to sell" Contemporary Personnel, Inc. The agreement, dated July 19, 1982, listed the business at $25,000 and provided that Hale would receive a commission upon sale of the business.

On August 5, 1982, Hale submitted a purchase contract to appellee. The offer listed "F.C. Hale" as the purchaser, included both Contemporary Personnel, Inc. and Word Force Companies and set forth a total price of $40,000. On August 6, 1982, after contacting an attorney, appellee indicated that she would accept Hale's offer subject to three conditions which she typed on page two of the purchase contract. Hale did not contact appellee regarding her additional conditions and instead outwardly manifested his intent to purchase the businesses.

In a letter dated September 27, 1982, three days before the expiration of appellee's lease, Hale slipped a note under appellee's door. The note stated that Hale was withdrawing his offer to purchase appellee's businesses.

As a result of Hale's withdrawal, appellee filed suit on the grounds of breach of contract and breach of fiduciary duty in the Lucas County Court of Common Pleas. The suit named DiSalle and Hale as defendants. Appellee settled her claim against DiSalle for $10,000 and DiSalle was dismissed from the action. On October 11, 1984, appellee was awarded a default judgment against Hale pursuant to Civ. R. 37(D). In a judgment entry dated June 11, 1985, the trial court ordered Hale to pay appellee $29,900 in compensatory and $30,000 in punitive damages.

After prolonged attempts to collect from Hale, appellee sought Hale's presence for a debtor's examination. Despite his persistent refusal to cooperate, Hale eventually underwent the examination. As a result of the examination, it was determined that Hale was unable to personally satisfy the judgment.

On May 18, 1987, appellee filed an application in the Lucas County Court of Common Pleas for an award of damages from the Real Estate Recovery Fund pursuant to R.C. 4735.12. Appellee's application was amended and refiled May 26, 1987.

The matter proceeded to trial on May 13 and May 26, 1988. In an entry dated July 1, 1988, the trial court set forth its findings of fact and conclusions of law. The judgment entry stated, *inter alia,* that appellee was awarded judgment against defendant-appellant, the Superintendent of the Division of Real Estate, in the amount of $29,900 plus interest, court costs and approved attorney fees. It is from this judgment that appellant has ap-pealed, setting forth the following three assignments of error:

"I. The court below erred as a matter of law in concluding that the conduct of Mr. Hale in contracting with appellee is governed by R.C. [Chapter] 4735.

"II. The court below erred as a matter of law in concluding that the assignment of the lease constituted the transfer of an interest in real property.

"III. The court below erred as a matter of law in concluding that the damages assessed were the 'actual and direct loss' sustained by appellee."

In its first assignment of error, appellant asserts that the trial court erred in concluding that Hale's conduct in contracting with appellee to purchase her businesses is governed by R.C. Chapter 4735. Appellant argues that Hale was not involved in his capacity as a real estate broker or salesman when he engaged in the conduct which was the subject of appellee's original complaint. Appellant argues that no recovery under R.C. 4735.12 should be allowed in a case where an agent is dealing solely on his own account.

R.C. 4735.12 sets forth the criteria to be considered in administering the Real Estate Recovery Fund. The fund was legislatively created to provide compensation for individuals who have obtained a final judgment against any broker or salesman licensed under R.C. Chapter 4735. In order to be compensable, the judgment must be unpaid at the time of application and must have been obtained "* * * on the grounds of conduct that is in violation of * * * [Chapter 4735] or the rules adopted under it, * * * and that is associated with an act or transaction of a broker or salesman * * *." R.C. 4735.12(B).

This section further provides:

"The court shall order the superintendent to make such payments out of

the fund when the person seeking the order has shown all of the following:

"(1) He has obtained a judgment, as provided in this division;

"(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

"(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

"(4) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the fund;

"(5) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment."

Our evaluation of the record in the case *sub judice* indicates that the trial court erroneously concluded that appellee had proved each criterion set forth above. Specifically, we find that appellee failed to show that her application was premised upon an appropriate "final judgment" as defined in R.C. 4735.12(B).

The judgment upon which appellee's application was based was entered by the Lucas County Court of Common Pleas on October 11, 1984. The judgment entry bears the caption "ORDER AND ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT FRANKLIN C. HALE."

The court also stated:

"The failure of Franklin C. Hale to attend the aforesaid depositions and pretrials and hearings in this cause, pursuant to notice and order of this Court, demonstrates Mr. Hale's utter disregard for the authority of this Court and the proceedings herein. The severest sanction of default judgment is appropriate in the instant case."

Despite the fact that Hale blatantly failed to defend himself and had a default judgment entered against him, we do not find that this judgment was rendered on the grounds that Hale's conduct violated R.C. Chapter 4735. We also fail to find that the above judgment was a determination that Hale's conduct was associated with his actions as a real estate broker or salesman.

Appellee vigorously contends that regardless of the particular nature of the judgment, she should be entitled to recover due to the fact that any contractual relationship with Hale resulted directly from Hale's status as a real estate agent. Appellee further argues that Hale's actions leading to the judgment against him could have been performed only by a real estate broker.

It is uncontested that appellee's first contact with Hale involved Hale's acting in his professional, licensed capacity. On July 19, 1982, the parties agreed that appellee's businesses would be exclusively listed for sale with Hale's employer and that the listed price would be $25,000. Fourteen days later, Hale submitted an offer to purchase appellee's businesses for $40,000. Although set forth on a DiSalle form, the offer was not submitted by Hale on behalf of a third party. Hale's name clearly appeared in the space marked "purchaser."

Appellee also argues that by submitting an offer to purchase the businesses, Hale violated his fiduciary duty as her real estate agent. Appellee asserts that Hale should have suggested that she employ a new agent and/or have the businesses reappraised before accepting his offer. Appellee further contends that Hale had a duty to inform her that by adding conditions to his offer she had created, in actuality, a counteroffer rather than an acceptance.

We find that the evidence shows that appellee was aware that Hale had

*individually* offered to purchase the businesses. Appellee contacted an attorney upon receiving Hale's Offer and returned the offer directly to Hale. Appellee testified that Hale moved some of his personal belongings into the offices and was a frequent observer of the businesses. Appellee also stated that Hale told several of her employees that *he* was buying the businesses.

We are unable to condone Hale's conduct; however, we are also unable to find that his behavior involved an act, omission, representation, transaction or other conduct in violation of R.C. Chapter 4735. Hale was not acting as a real estate broker with respect to his offer to purchase. See *Schoen* v. *McClenaghan* (May 21, 1986), Hamilton App. No. C-850391, unreported, citing R.C. 4735.12(B). Hale's conduct of entering into an agreement to purchase the businesses, acting as if the parties possessed a binding agreement, refusing to perform, and cancelling his offer to purchase, and his actions leading up to the default judgment are reprehensible behavior. Nonetheless, we find that the judgment entered against Hale is not a reference to conduct for which a broker's license is required. See *Schoen, supra.*

The mere fact that Hale was a licensed broker at the time he committed the aforementioned acts does not establish liability under R.C. 4735.12. See *Ruby* v. *Hardin* (1941), 33 Ohio Law Abs. 544, 21 O.O. 525, 35 N.E. 2d 600. Accordingly, we find that appellee is not entitled to participate in the recovery fund due to the nature of her claim and the lack of a judgment which would justify suspension of Hale's real estate license. *Dent* v. *Van Winkle* (1987), 30 Ohio St. 3d 80, 84, 30 OBR 228, 231, 507 N.E. 2d 345, 349.

For the aforestated reasons, we find appellant's first assignment of error well-taken.

In its second assignment of error, appellant argues that appellee is further precluded from recovering under R.C. 4735.12 because the sales contract did not involve a real estate transaction as contemplated in R.C. 4735.01(A) or (C). Appellee contends, and the trial court found, that the contract for the sale of appellee's businesses required the transfer of an interest in real property. Specifically, the trial court concluded:

"The assignment of the lease as intended by [appellee] at the time she engaged Hale to sell her business and as contemplated by the contract Hale submitted to [appellee] to purchase her business [*sic*], at law, constitutes a transfer of an interest in real property."

Appellant asserts that this conclusion is against the manifest weight of the evidence. In evaluating appellant's assertion, we are guided by the standards set forth by the Supreme Court of Ohio in *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578. In *C.E. Morris Co.,* the court stated:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id.* at syllabus.

Accordingly, we must determine whether there was sufficient competent, credible evidence set forth by appellee tending to establish that a transfer of real estate was contemplated by the agreements entered into between appellee and Hale.

As previously stated, R.C. 4735.12 contemplates recovery for individuals who have obtained an unsatisfied final judgment against a broker or salesman, licensed under R.C. Chapter 4735, on grounds of conduct violative of the regulations set forth in that

chapter. In other words, the agent must have violated the regulations while engaging in conduct requiring him to utilize his real estate license.

A broker's license is required before a person may "* * * act as a real estate broker, real estate salesman, limited real estate broker, or limited real estate salesman, or advertise or assume to act as such * * *." R.C. 4735.02. In other words, a license is mandated and it must be properly used if a sale of real estate is contemplated. If real estate is not involved in the transaction, *i.e.,* if the sale involves solely personal property, no broker's license is required. Accordingly, if a licensed real estate agent was involved in a transaction involving only personalty, recovery under R.C. 4735.12 would be impossible because no conduct involving a misuse of the agent's license could occur.

While we agree with the trial court's reasoning, *i.e.,* *if* a lease assignment *was* intended under the contract, a real estate transaction *was* involved, we fail to find that the evidence established any such assignment.

The offer to purchase submitted by Hale stated, *inter alia:*

"Offer specifically subject to the following conditions:

"1. That a satisfactory lease be negotiated with landlord for a three (3) year lease with a three (3) year option to renew. Lease rent not to be any higher than present rent and conditions."

Appellant argues that this paragraph indicates that Hale desired to *personally* negotiate a new lease. We do not adopt this particular reasoning and, instead, find that the aforementioned condition merely provides that a new lease *shall* "be negotiated" prior to Hale's purchase of the businesses.

Our analysis of the record as well as the offer to purchase also indicates that, although appellee arranged a meeting between Hale and her landlord, no subsequent assignment of the lease was undertaken. Further, the existing lease between appellee and her landlord contained an express "non-assignment" clause. Assignments were prohibited absent written consent of the lessor. The record in the case *sub judice* is void of evidence of such consent so as to signal such an assignment.

The trial court also found that appellee contemplated assigning the lease "at the time she engaged Hale to sell her business." Our analysis of the record indicates that the "exclusive right to sell," prepared by Hale for appellee, contains no reference to an existing or future lease. Nevertheless, even if such a notation had been made, we fail to see its relevance to the case *sub judice.* Appellee brought the present action against appellant based upon a judgment obtained in what was ostensibly a breach of contract action. The contract claim, except for its attempt to interrelate Hale's original relationship to appellee, had no connection with the contents of the "exclusive right to sell" drafted by Hale.

Accordingly, we find that the trial court's conclusion that a transfer of real estate was included in the transaction initiated between Hale and appellee was against the manifest weight of the evidence. For the aforestated reasons, we find appellant's second assignment of error well-taken.

In its third assignment of error, appellant argues that the amount of damages awarded by the trial court was incorrect in that it failed to represent the "actual and direct loss" sustained by appellee. Although there may be merit to this contention, due to the disposition of appellant's first two assignments of error, we find that the issue of damages is moot. Accordingly, we also find appellant's third assign-

ment of error moot and, therefore, not well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court with instructions to enter final judgment in favor of appellant. It is ordered that appellee pay court costs of this appeal.

*Judgment accordingly.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.