OPINION
Appellant Ronald J. Rotaru, Superintendent, Ohio Division of Real Estate is appealing the decision of the Fairfield County Court of Common Pleas which determined that Appellee Jane Palmer is entitled to participate in the real estate recovery fund. The following facts give rise to this appeal.
On October 28, 1996, Appellee Palmer entered into a "Partnership Agreement" with Raymond L. Cramblit. Pursuant to the terms of this agreement, appellee deposited $25,000, with Cramblit, and Cramblit added $5,000. Cramblit used the $30,000 to purchase property from a third-party seller. Under the terms of the agreement, Cramblit agreed to negotiate the buy and market the resale of the property on behalf of appellee and himself. In return, appellee was to receive back her initial investment of $25,000, plus one-half of the profits from the resale of the property. Cramblit was to receive back his initial investment of $5,000, plus one-half the profits from the resultant sale of the property after deducting selling fees including a brokerage fee.
Despite the fact that the property sold for $100,000, Cramblit only gave appellee a total of $8,000 from the proceeds of the sale of the real estate. Thereafter, appellee commenced a civil action[1], in the Fairfield County Court of Common Pleas, seeking to recover her loss of $18,000. Cramblit failed to file an answer and the trial court granted default judgment. The trial court subsequently filed a Nunc Pro Tunc Default Judgment Entry, on November 6, 1997, in which it determined that Cramblit is a licensed real estate broker; Cramblit acted as a real estate broker on behalf of appellee; and Cramblit acted in violation of R.C. 4735.18 in several respects. This judgment was never appealed.
Appellee attempted to collect the judgment from Cramblit. Ultimately, appellee learned that Cramblit had filed for Chapter 7 bankruptcy. Therefore, on August 8, 1997, appellee filed an application for order directing payment out of the real estate recovery fund. On January 28, 1998, appellee filed a motion for summary judgment against appellant. On February 12, 1998, appellant also filed a motion for summary judgment. On May 6, 1998, the trial court issued its judgment entry granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. The trial court concluded appellee had met the jurisdictional requirements contained in R.C.4735.12(B)(4).
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGMENT WHICH FORMS THE BASIS OF APPELLEE'S APPLICATION IS NOT CONDUCT FOR WHICH A REAL ESTATE LICENSE IS REQUIRED.
 II. A DEFAULT JUDGMENT NUNC PRO TUNC IS NOT A JUDGMENT FOR WHICH RECOVERY IS CONTEMPLATED UNDER REVISED CODE 4735.12.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 II
We begin our analysis by addressing appellant's second assignment of error first as this is a procedural issue that may preclude recovery under the real estate recovery fund. In his second assignment of error, appellant contends that a default judgment nunc pro tunc is not a judgment for which recovery is contemplated under R.C. 4735.12.
In the case of Ball v. Ritenour (1989), 46 Ohio App.3d 88, the court explained that a default judgment may not be the basis for recovery under the real estate recovery fund. The court held:
 A default judgment obtained against a real estate agent on the grounds that the agent failed to appear and defend is not a `final judgment * * * on the grounds of conduct that is in violation of' R.C. Chapter 4735 or `that is associated with an act or transaction of' a real estate agent, within the meaning of R.C. 4735.12(B). Therefore, a plaintiff who is unable to recover the amount of such a default judgment from the agent is not entitled to recover from the Real Estate Recovery Fund. Id. at paragraph one of the syllabus.
In the case sub judice, appellee filed a civil complaint against Raymond Cramblit and Century 21 Happy Homes, on April 30, 1997, alleging causes of action for breach of partnership agreement, conversion, misrepresentation, fraud, failure to account for or remit money, gross negligence and breach of fiduciary duties. Cramblit failed to file an answer and the trial court entered a default judgment. However, appellee subsequently moved for a default judgment nunc pro tunc to comport with the requirements of R.C. 4735.12. The trial court entered a judgment entry nunc pro tunc, on November 6, 1997, which determined that Cramblit violated R.C. 4735 and that the violation was associated with an act or transaction of a real estate agent within the meaning of R.C. 4735.12(B).
We find the judgment entry nunc pro tunc differs in this case from the facts set forth in Ball because the judgment entry nuncpro tunc is not based solely on appellant's failure to appear and defend. The trial court made additional findings regarding Cramblit's conduct. As such, we find this case distinguishable from the facts of Ball. Therefore, this is a final judgment as required under R.C. 4735.12.
Appellant's second assignment of error is overruled.
 I
Appellant maintains, in his first assignment of error, the trial court erroneously determined the judgment which formed the basis of appellee's application for recovery, from the real estate recovery fund, was based upon conduct by the licensee requiring a real estate salesman or broker's license. We agree.
We begin our analysis by defining who is entitled to recover under the real estate recovery fund. R.C. 4735.12(B)(1) addresses this issue and provides, in pertinent part:
 (B)(1) Any person who obtains a final judgment in any court of competent jurisdiction against any broker or salesperson licensed under this chapter, on the grounds of conduct that is in violation of this chapter or the rules adopted under it, and that is associated with an act or transaction of a broker or sales person specified or comprehended in division (A) or (C) section 4735.01 of the Revised Code * * *. (Emphasis added.)
We find the underlined portion of the above statute dispositive of this matter on appeal. Clearly, Cramblit's conduct violated R.C. 4735, however, in doing so, what we must focus on is whether Cramblit's conduct was associated with an act or transaction of a broker or sales person as defined in R.C. 473501(A) or (C). Upon review of the evidence, we find Cramblit was not acting for another in this underlying real estate transaction.
The agreement entered into between Cramblit and appellee was a "Partnership Agreement". Cramblit did not need a real estate license to enter into the partnership agreement. Cramblit was not representing appellee, as a real estate agent in a purchase agreement. Instead, Cramblit and appellee were co-investors. There is no evidence that Cramblit was acting in a representative capacity on behalf of appellee. A review of the trial court's judgment entry reveals the trial court found that because the partnership agreement required a deduction of a specified amount for Cramblit negotiating the purchase of the property this brought the transaction within the ambit of R.C. 4735.01(A) and/or (C). Although Cramblit negotiated the sale of the property, and was to receive a fee for this, he did so on his own behalf, with a co-investor.
This Court reached a similar decision in the case of Jenkinsv. Ritenour (1989), 64 Ohio App.3d 525. Our focus, in Jenkins, was on the words "for another" as used in the definition of broker under R.C. 4735.01. Under Jenkins, we stated that in order to engage in the type of conduct comprehended in R.C. 4735.01, the licensee must act "for another" in a real estate transaction. As in Jenkins, we conclude Cramblit was not acting "for another" and therefore, appellee is not entitled to recover from the real estate recovery fund.
Appellant's first assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is reversed. Pursuant to App.R. 12(B), we hereby enter final judgment dismissing appellee's complaint.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is reversed. Pursuant to App.R. 12(B), we hereby enter final judgment dismissing appellee's complaint.
[1] Fairfield County Court of Common Pleas Case No. 97 CV 268