ROTHFUSS, APPELLANT, *v.* HAMILTON MASONIC TEMPLE CO. OF HAMILTON, APPELLEE. (Two cases.)

(Nos. 70-478 and 70-479—Decided July 7, 1971.)

132

*Mr. Irving I. Saul, Messrs. Lord & Lordeon* and *Mr. T. Patrick Lordeon,* for appellant.

*Messrs. Baden, Jones & Scheper,* and *Mr. Thomas W. Baden,* for appellee.

*Per Curiam.* In the Court of Appeals, the defendant enumerated the following assignments of error:

"The court erred in admitting evidence of the plaintiff over the objection of the defendant.

"The court erred in its general charge to the jury.

"The verdict appears to be excessive and rendered under the influence of passion and prejudice.

"The verdict is excessive and is manifestly against the weight of the evidence and is not sustained by sufficient evidence.

"Other errors occurring during the trial prejudicial to the rights of the defendant."

R. C. 2505.21 provides:

"* * * All errors assigned and briefed shall be passed upon [by] the court."

It is important that the Court of Appeals should have decided all assignments of claimed prejudicial error argued by brief, particularly in the area of plaintiff's claim of defendant's negligence as a matter of law, as well as defendant's claim that plaintiff was contributorily negligent as a matter of law. Upon appeal, appellants had contended that such issues were jury questions.

Failure by the Court of Appeals to state its reasons for not passing upon all the assignments of error presented to it precludes this court from determining whether there was any merit to the claims of prejudicial error presented to the Court of Appeals by the assignments of error as a predicate to the appeal presented here.

There is no question that the Court of Appeals failed to perform its statutory obligation (R. C. 2505.21). Therefore, this court reverses the judgments of the Court of Appeals and remands the causes to that court for consideration of the assignments of error not passed upon.

*Judgment accordingly.*

O'NEILL, C. J., DUNCAN, CORRIGAN and STERN, JJ., concur.

SCHNEIDER and LEACH, JJ., concur in part.

HERBERT, J., dissents.

LEACH, J., concurring in part. If the Court of Appeals was correct in entering final judgment for the defendant on the basis of contributory negligence as a matter of law on the part of Mrs. Rothfuss, no useful purpose would be served by remanding the case to that court to pass on the other errors assigned in brief by defendant in that court—even though that court, in accordance with the requirements of R. C. 2505.21, should have passed upon *all* assignments of error.

In my opinion, however, the ruling of the Court of Appeals was not correct. While I concur in the order of remand, I do so only upon the basis that the Court of Appeals erred; a matter as to which the majority apparently expresses no opinion.

Regardless of what action the Court of Appeals now takes on the other assignments of error and regardless of whether its action in such respect would warrant a later allowance by us of a motion to certify the record, as to those issues yet not passed upon, we necessarily invite another appeal to this court on the issue of whether Mrs. Rothfuss was contributorily negligent as a matter of law.

In my opinion, our action in ignoring this question, which can and should be passed upon now, serves only to compound the error of the Court of Appeals in not complying with R. C. 2505.21 by failing to pass on all assignments of error, and thus to invite multiple appeals.

The very purpose of R. C. 2505.21 is to prevent multiple appeals.* The purpose of requiring the Court of Appeals to pass upon *all* errors was to avoid a remand and another appeal in those cases where this court disagreed with and overruled the specific ruling of the Court of Appeals. But unless we do so disagree, I consider it an act of futility

---

*App. R. 12(A), effective July 1, 1971, seeks to accomplish the same purpose, providing that "* * * All errors assigned and briefed shall be passed upon by the court in a written opinion which shall contain the reasons for the court's decision. * * *"

merely to remand and then to affirm in a later appeal to this court on the basis of the same question now presented.

SCHNEIDER, J., concurs in the foregoing opinion.

HERBERT, J., dissenting. In view of the record from below and what I believe to be the proper law applicable thereto, I would reverse this cause and enter final judgment for the appellant.