LUMBERMEN'S UNDERWRITING ALLIANCE, U. S. EPPERSON UNDERWRITING CO., APPELLANT, *v.* AMERICAN EXCELSIOR CORP., APPELLEE.

(No. 72-474—Decided March 21, 1973.)

38

*Messrs. Davis & Young* and *Mr. Robert L. Baker,* for appellant.

*Reminger & Reminger Co., L. P. A.,* and *Mr. Mario C. Ciano,* for appellee.

Stern, J. Appellant's first proposition of law before this court is that the Court of Appeals committed prejudicial error by failing to comply with App. R. 12(A) in passing upon the second assignment of error before it. We agree.

App. R. 12(A) provides, in pertinent part:

"* * * All errors assigned and briefed [in the Court of Appeals] shall be passed upon by the court in writing, stating the reasons for the court's decision." Here, as in *Smith* v. *Jaggers* (1973), 33 Ohio St. 2d 1, the Court of Appeals failed to comply with the mandate of App. R. 12(A).

The record in this case bears evidence of the import of App. R. 12(A) and the prejudicial effect of noncompliance therewith. Appellant filed three separate motions for discovery in the Common Pleas Court. Two were filed prior to the overruling of summary judgment; the third was filed subsequent thereto, and had effect under the agreed stipulations with which the causes were sent to trial. Each motion was overruled by the Common Pleas Court without comment.

In the appeal to the Court of Appeals, appellant's second assignment of error was, in effect, that the trial court erred in overruling the motions for discovery requesting the production and inspection of American Excelsior's employee and inventory records, its maintenance and safety records, and its correspondence and reports concerning the fire. This assignment of error was briefed in the Court of Appeals.

The sum comment by the Court of Appeals regarding that assignment of error was:

"We have examined this assignment of error and find that it is without merit and is, therefore, overruled."

Appellant thus found himself in a position of having to prepare an appeal to this court without ever having been given any reason or reasons for the ruling concerning his motions for discovery, other than that the assignment of error was "without merit." Having been given no reason,

appellant had to speculate as to what obstacles, legal or otherwise, need be overcome in his appeal to this court. It is a purpose of App. R. 12(A) to avoid a need for such speculation on the part of *all* parties concerned, this court included.

Appellee contends that the purpose of App. R. 12(A) was satisfied in that there was a written dissent to the holding of the Court of Appeals on the second assignment of error. We cannot agree. Indeed, the statement in the dissenting opinion as to possible prejudicial error serves to emphasize the importance of having the majority make clear its reasons in support of its holding.

App. R. 12(A) modifies R. C. 2505.21 which provides: "* * * All errors assigned and briefed shall be passed upon [by] the court." In *Rothfuss* v. *Hamilton Masonic Temple Co.* (1971), 27 Ohio St. 2d 131, this court dealt with the failure of a Court of Appeals to pass upon all assignments of error as required by R. C. 2505.21. This court held:

"Failure by the Court of Appeals to state its reasons for not passing upon all the assignments of error presented to it precludes this court from determining whether there was any merit to the claims of prejudicial error presented to the Court of Appeals by the assignments of error as a predicate to the appeal presented here."

In light of the more express requirement of App. R. 12(A) that the Court of Appeals must, in writing, pass upon all errors assigned and briefed, stating the reasons for its decision, we reaffirm our holding in *Rothfuss, supra,* by applying it to App. R. 12(A).

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for compliance with the provision of App. R. 12(A), that all errors assigned and briefed be passed upon by that court in writing, stating the reasons for the court's decision.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., not participating.