BROWN, APPELLANT, *v.* OHIO STATE UNIVERSITY, APPELLEE.

(No. 83AP-941 — Decided
February 28, 1984.)

*Francisco A. Garabis,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Diane Weaver,* for appellee.

WHITESIDE, J. Appellant Gregory Brown appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Personnel Board of Review affirming his removal from his position at Ohio State University.

The first assignment of error is not well-taken because the court of common pleas did not err in finding the order of the board of review to be supported by reliable, probative and substantial evidence establishing that appellant was guilty of neglect of duty. The hearing officer whose report was adopted by the board of review recommended a finding that:

"Appellant's actions clearly constitute neglect of duty, failure of good behavior and inefficiency as those terms are used in R.C. § 124.34. Appellant has, on one occasion, failed to either report to work or call off as required by Appellee's rules. He has failed to sweep the halls he is employed to sweep, taken substantially longer than necessary to strip old wax from dormitory floors, and spent one-half hour on a loading dock, rather than sweeping floors as required [of] him by his supervisors."

Although the evidence was conflicting, each of these findings was supported by reliable, probative and substantial evidence. With respect to stripping, the hearing officer specifically found that it would require from fourteen to forty minutes to strip a unit consisting of two rooms and that, on March 23, 1982, appellant spent more than three hours stripping two units. The hearing officer specifically referred to the testimony of a supervisor who had assigned appellant to perform the work, who testified that, on March 23, 1982, it took appellant "three hours and forty-seven minutes to strip the floors in two units," and that it "should take them twenty minutes in each unit, which would be forty minutes." The supervisor also testified that appellant took longer than necessary on other dates and that sometimes it might take forty minutes to strip a unit and that it was necessary for other employees to work overtime to complete the work that appellant failed to perform. Appellant contends that the finding of the hearing officer is not supported by evidence because the supervisor also testified that appellant was assigned to and did strip six units in approximately three hours. However, that testimony dealt with work assigned for March 24, not March 23, 1982.

Another supervisor testified that appellant failed to clean the carpet on at least four days and failed to completely vacuum floors on three other dates. This supervisor also testified that, on one day, appellant left his assigned work station one-half hour before quitting time and went to the loading dock and did not return. While, as appellant points out, the supervisor did not know whether appellant remained at the loading dock, she affirmatively testified that he did not return to his work station, permitting the inference by the hearing officer that appellant remained at the dock since he denied going there. Appellant admitted that he failed either to report to work or call off on one date, as found by the hearing officer. In short, although the evidence is conflicting, the findings are supported by reliable, probative and substantial evidence, con-

sisting of express testimony by various supervisors.

Similarly, appellant's second assignment of error is not well-taken. He contends that the trial court erred because it failed to comply with R.C. 2505.21, which provides in part:

"Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing. * * * All errors assigned and briefed shall be passed upon [by] the court. In its decision the reviewing court shall specify such of the assigned errors as it finds are shown by the record and the reasons for its decision. * * *"

R.C. 2505.03 does provide that R.C. 2505.04 to 2505.45 apply to appeals of orders of administrative officers and tribunals "when provided by law." Nevertheless, it is not clear that R.C. 2505.21 applies to administrative appeals under R.C. 119.12, which specifically sets forth the record to be considered and the determinations to be made upon an administrative appeal. See *In re Locke* (1972), 33 Ohio App. 2d 177 [62 O.O.2d 276], which found a different provision of R.C. 2505.21 to be applicable to an administrative law and fact appeal pursuant to former R.C. 143.27, which set forth no procedure for the law and fact appeal.

Regardless of its applicability to an R.C. 119.12 appeal, R.C. 2505.21 does not require a detailed determination where the reviewing court affirms an order. Unlike App. R. 12(A), which requires a court of appeals in every instance to pass upon all assignments of error in writing and to state the reasons for the court's decision as to each, whether there be an affirmance or a reversal, R.C. 2505.21 does not specifically require a decision to be in writing and requires that reasons be stated for the court's decision only with respect to

"such of the assigned errors as it finds are shown by the record."

In other words, only in case of a reversal, or the sustaining of an assignment of error, is the reviewing court required by R.C. 2505.21 to state reasons for its decision, although that section, like App. R. 12(A), does require the court to pass upon all assignments of error.

Since the court of common pleas found no error, there was no requirement that it state the reasons with respect to error found. The court of common pleas did state that it was affirming because it found the decision to be supported by reliable, probative and substantial evidence and to be in accordance with law. Such a statement is couched only in the language of the statutory standard of review, and is analogous to this court's stating that an assignment of error is overruled because the trial court did not err. App. R. 12(A) requires more. *Lumbermen's Alliance* v. *American Excelsior Corp.* (1973), 33 Ohio St. 2d 37 [62 O.O.2d 373]. We see no reason why R.C. 2505.21 should not be similarly construed. See *Rothfuss* v. *Hamilton Masonic Temple Co.* (1971), 27 Ohio St. 2d 131 [56 O.O.2d 72]. However, as we have indicated, R.C. 2505.21 does not require a reviewing court to state reasons for a decision if the judgment appealed from is affirmed. Accordingly, the second assignment of error is not well-taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and GREY, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.