**QUEEN CITY TERMINALS, INC. et al., Appellees and Cross–Appellants,**

v.

**CITY OF CINCINNATI et al., Appellants and Cross–Appellees.**

[Cite as *Queen City Terminals, Inc. v. Cincinnati* (1990), 67 Ohio App.3d 734.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–890223, C–890246.

Decided May 23, 1990.

*Joseph J. Dehner,* for appellees and cross-appellants.

*Richard A. Castellini,* City Solicitor, and *James F. McCarthy,* for appellants and cross-appellees.

---

*Per Curiam.*

Defendants-appellants, the city of Cincinnati and the Cincinnati Board of Building Appeals ("board"), appeal from an order of the trial court reversing the board's decision to revoke a building permit issued to plaintiff-appellee, Queen City Terminals, Inc. ("Queen City"). Queen City has also filed a cross-

appeal. For the reasons expressed herein, we affirm the judgment of the trial court.

On October 14, 1982, the city of Cincinnati issued a building permit to Queen City. The permit allowed construction of eight storage tanks located at 3805 Kellogg Avenue. Five tanks were built by early 1986. Then additional piping was laid. When Queen City attempted to build the last three tanks, the city of Cincinnati revoked the previously issued building permit because "construction" had stopped for more than one year.

The board approved the city's revocation of the building permit. Queen City appealed the board's decision to the court of common pleas. The court of common pleas denied Queen City's motion to vacate the board's decision, and then reversed the board's decision. These appeals followed.

Queen City, in its cross-appeal, contends that the trial court erred in denying its motion to vacate the board's decision. We agree.

■ R.C. 119.12 provides, in pertinent part, as follows:

"Within thirty days after receipt of notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected."

The failure by an agency to certify its record timely in compliance with R.C. 119.12 places a mandatory duty upon the court of common pleas, upon motion, to enter a finding in favor of the party adversely affected. *Geroc v. Ohio Veterinary Medical Bd.* (1987), 37 Ohio App.3d 192, 525 N.E.2d 501.

■ On July 8, 1988, Queen City filed a notice of appeal from the board's decision with the board and with the court of common pleas. The board failed to certify the record to the court of common pleas until January 25, 1989.

The board failed to certify its record timely in compliance with R.C. 119.12. The court of common pleas should have, therefore, granted Queen City's motion to vacate the decision of the board, and entered judgment in favor of Queen City.

The appellants' two assignments of error which allege trial court error in overruling the board's decision are subsumed in our determination that the decision of the board should have been vacated upon Queen City's motion. We, therefore, overrule the appellants' assignments of error.

The judgment of the trial court is affirmed on the ground that the board failed to comply with R.C. 119.12, thereby mandating the trial court to enter judgment in favor of Queen City.

*Judgment affirmed.*

SHANNON, P.J., DOAN and GORMAN, JJ., concur.