**LIPSCOMB, Appellant,**

**v.**

**LONDON CORRECTIONAL INSTITUTE, Appellee.***

[Cite as *Lipscomb v. London Correctional Inst.* (1994), 96 Ohio App.3d 245.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE12–1755.

Decided July 28, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 71 Ohio St.3d 1436, 643 N.E.2d 142.

*Culbreath & Associates* and *Stanlee E. Culbreath,* for appellant.

*Lee Fisher,* Attorney General, and *James John Schubert,* Assistant Attorney General, for appellee.

---

WHITESIDE, Presiding Judge.

This is an appeal by appellant, Larry Lipscomb, from a judgment of the Franklin County Court of Common Pleas dismissing his appeal from a decision of the State Personnel Board of Review affirming his dismissal from his employment at the London Correctional Institute. In support of his appeal, Lipscomb raises two assignments of error, as follows:

"1. The trial court erred in ruling that the State Personnel Board of Review's administrative rule embodied in O.R.C. 119.12 was not a denial of procedural due process in that the rule requires a substantial security deposit prior to the State Personnel Board of Review considering an appeal to be timely filed."

"2. The trial court erred in not ruling that the State Personnel Board of Review's actions and administrative rule with respect to the 'security deposit' is not an abuse of discretion."

Although the assignments of error raise issues of constitutional dimension, it is not appropriate for this court to reach such issues when the case may be resolved by nonconstitutional determinations.

At the outset, there has been a contention that the notice of appeal was not timely filed since it was not filed until December 30, 1993, even though the last entry of the trial court dismissing the appeal was entered on November 16, 1993. We also note that the trial court entered an earlier judgment entry dismissing the appeal for lack of jurisdiction on September 30, 1993, which states in part:

"Plaintiff's failure to timely file transcription fees in violation of R.C. 119.12, a jurisdictional prerequisite to proceeding on appeal, prohibits further review by this Court."

Subsequently, on October 6, 1993, a written decision based upon essentially the same reason was filed and resulted in the November 16, 1993 entry. However, neither entry contains the Civ.R. 58(B) language, and the clerk of the trial court did not give notice to appellant of the entry of judgment as required by that rule. Under such circumstances, App.R. 4(A) provides that, with respect to appeals in a civil case, the time for appeal does not commence until the service of the notice required by Civ.R. 58(B) if not made within the three-day period set forth in such rule. R.C. 119.12 provides with respect to administrative appeals such as this:

"The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. * * *"

Accordingly, we conclude that the appeal was timely and properly before this court.

R.C. 124.34 provides that, where the discharge of a public employee is affirmed by the State Personnel Board of Review, the employee may appeal to the common pleas court of the county in which the employee resides "in accordance with the procedure provided by section 119.12 of the Revised Code." That section provides that:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * * *"

Several paragraphs later in R.C. 119.12, we find the provision that:

"*Within thirty days after receipt of a notice of appeal* from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, *the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed,* upon motion, *shall cause the court to enter a finding in favor of the party adversely affected.* Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply. Such record shall be prepared and transcribed and the expense of it shall be taxed as a part of the costs on appeal. The appellant shall provide security for costs satisfactory to the court of common pleas. * * * *" (Emphasis added.)

This is the general provision applicable to administrative appeals, and the responsibility for preparing and filing the record, including a transcript of evidence, falls upon the agency, and the sanction for failure of the agency to comply and file the record with the common pleas court is essentially an automatic reversal of the agency's order. See *Queen City Terminals, Inc. v. Cincinnati* (1990), 67 Ohio App.3d 734, 588 N.E.2d 870; *Geroc v. Ohio Veterinary Med. Bd.* (1987), 37 Ohio App.3d 192, 525 N.E.2d 501; *In re Troiano* (1986), 33 Ohio App.3d 316, 515 N.E.2d 985.

Effective December 22, 1992, the General Assembly amended R.C. 119.12 to add, immediately following the above-quoted paragraph placing the duty upon the agency to file a complete record of the proceedings under sanction of reversal for violation, the following paragraph:

"Notwithstanding any other provision of this section, *any party* desiring to appeal an order or decision of the state personnel board of review *shall, at the time of filing a notice of appeal with the board, provide a security deposit* in an amount and manner prescribed in rules that the board shall adopt in accordance with this chapter. In addition, the board is not required to prepare or transcribe the record of any of its proceedings unless the appellant has provided the deposit described above. *The failure of the board to prepare or transcribe a record for an appellant who has not provided a security deposit shall not cause a court to enter a finding adverse to the board.*" (Emphasis added.)

The last sentence of the newly added language sets forth the purpose of the deposit requirement, and that is to avoid the automatic reversal finding otherwise necessitated if the board fails to transmit a complete record to the court and assure that the cost of preparing same will be paid in the event that the decision of the State Personnel Board of Review is affirmed. Effective April 2, 1993, Ohio Adm.Code 124–15–08 was promulgated and provides in pertinent part as follows:

"(A) Upon filing with the board a notice of appeal to the court of common pleas, the party filing such notice shall deposit with the board a sum in accordance with the following schedule:

"(1) $55.00 per tape for magnetically recorded tapes numbered one through five of the proceedings.

"(2) $50.00 per tape for magnetically recorded tapes numbered six through ten of the proceedings.

"(3) $45.00 per tape for magnetically recorded tapes numbered eleven and above of the proceedings.

"(B) After the board has received the deposit, the transcript and copies of the file shall be prepared and the costs of those items will be calculated. If the deposit exceeds the costs of these items, then a refund of the excess will be issued; if the deposit does not cover the full amount, then it will be retained in accordance with paragraph (C)."

Apparently, an identical provision was "adopted" effective January 19, 1993, with the public hearing thereon to be conducted on March 1, 1993. It is unclear as to whether the requirements of R.C. 119.03 were met; however, since no issue is raised herein in that regard, we shall assume that the rule was effective at the time the notice of appeal was filed in the court of common pleas on March 3, 1993.

In any event, appellant did not file the deposit with the State Personnel Board of Review, which had been calculated in the amount of $475 at the time he filed his notice of appeal. However, he did tender the deposit on April 8, 1993, by sending a check in the amount of $475 to the State Personnel Board of Review, which returned the check to appellant on April 15, 1993, with a statement that it did not have to accept the deposit or prepare the transcript since the check was not received at the time the notice of appeal was filed, but was received thirty-six days later.[1]

---

1. Unfortunately, the record on appeal does not reflect any evidence as to whether a deposit was made, nor as to subsequent tender and rejection of the check. These are all assertions by counsel in filings made with the trial court, rather than from a certified record of the State Personnel Board of Review. Although a deposit is required with respect to preparation of the transcript of the evidence, it is doubtful that the failure to make a deposit excuses the State Personnel Board of Review from timely transmitting to the common pleas court the original

On April 21, 1993, appellant filed in the trial court a motion for an extension of time to file the record, pointing out the attempted making of the required deposit and the rejection thereof by the State Personnel Board of Review, as well as financial hardship experienced by appellant in getting together the costs of the transcription and certification. This motion was overruled by the trial court on July 15, 1993, stating that:

"Though the Court feels R.C. § 119.12 may create a harsh result, the Court is nevertheless bound by its express language. The express language requires that an Appellant deposit security at the time the notice of appeal is filed. * * *"

In dismissing the appeal for want of jurisdiction, the trial court relied upon *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746. Not only does *Zier* pertain to a different type of administrative appeal as to which R.C. 119.12 is not applicable, but the defect in *Zier* was in the notice of appeal which failed to include certain mandatory requirements. *Zier* did not involve a deposit such as is herein involved. In this regard, R.C. 2505.04 provides that:

"An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. * * * [N]o step required to be taken subsequent to the perfection of the appeal is jurisdictional."

The State Personnel Board of Review contends that R.C. 2505.04 is inapplicable because of the provisions of R.C. 119.12 relative to payment of what it describes as a "transcript fee," which in reality is a deposit, citing *Brown v. Ohio State Univ.* (1984), 19 Ohio App.3d 122, 19 OBR 211, 483 N.E.2d 159. *Brown,* however, is neither applicable nor controlling here. In *Brown,* we considered the applicability of R.C. 2505.21, not R.C. 2505.04. Also, we were considering the proceedings in the common pleas court, not the perfection of an appeal. *Brown* does not support the board's contention that R.C. 2505.04 is not applicable, nor did we so determine in *Brown,* even with respect to R.C. 2505.21. Likewise, we need not determine the direct applicability of R.C. 2505.04 since the result is the same, whether or not it be directly applicable.

As noted above, R.C. 119.12 provides that the rights of the parties shall be determined in accordance with laws applicable to a civil action. This necessarily would include Civ.R. 6(B), which permits the court to permit an act to be done after the expiration of the time of performing the act where the failure was the

---

papers in the proceedings (including the appeal to that court, the recommendation of the hearing officer, the decision of the State Personnel Board of Review, and the notice of appeal filed together with an indication of any deposit being made or not being made).

result of excusable neglect. Appellant contends that the delay was necessitated by lack of funds sufficient to make the $475 deposit, even though he does not contend that he is completely indigent. The trial court overruled the motion not on the basis of its merit but, instead, upon the basis that excusable neglect would make no difference. On the other hand, if the appellate rules were applicable, App.R. 14(B) authorizes the court to permit an act to be done after the expiration of the time for performing the act for good cause shown, except as to the time for filing a notice of appeal.

Accordingly, we conclude that the requirement added to R.C. 119.12 in December 1992 to require the filing of a deposit with the State Personnel Board of Review based upon the anticipated cost of preparation of the transcript is not a jurisdictional requirement. This necessarily follows since the obvious purpose is to relieve the board from the harsh sanction of reversal if it fails timely to file the transcript and record of proceedings in the common pleas court where the appellant has not made the requisite deposit.

We find no constitutional infirmity since the deposit requirement is not jurisdictional, and the common pleas court has discretion in appropriate cases to allow the deposit to be filed later, or to relieve a litigant from the necessity of filing the deposit in the case of indigency.

Since the requirement is not jurisdictional, even though it may result in an affirmance in the case of noncompliance, or even dismissal in an aggravated situation, the common pleas court erred in dismissing appellant's appeal without first determining appellant's motion for leave to make the deposit later by the tender that was made only six days after the time for the record to have been filed.

In short, we find the requirement not to be jurisdictional and, accordingly, sustain both assignments of error to this extent, although we do not determine the basic underlying issues raised by the assignments of error.

For the foregoing reasons, both assignments of error are sustained to the extent that the trial court erred in finding the deposit requirement of R.C. 119.12 with respect to an appeal from the State Personnel Board of Review to be jurisdictional. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and TYACK, JJ., concur.