On or about March 12, 1999, this court, finding that the notice of appeal may not have been filed within the time provided by App. R. 4, ordered appellant, Joyce Staffen, to file a memorandum addressing this issue. On March 30, 1999, appellant filed a memorandum asserting that she filed the notice of appeal in accordance with Civ.R. 58(B). We disagree and dismiss this appeal for the reasons that follow.
Civ.R. 58(B) states in pertinent part:
 "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in the manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete."
Judicial interpretation of Civ.R. 58(B) indicates that the time for appeal, pursuant to App. R. 4(A), does not commence until the service of the notice required by Civ.R. 58(B)if not made within the three-day period set forth in that rule.State ex rel. Hughes v. Celeste (1993), 67 Ohio St.3d 429. See, also, Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80;Lipscomb v. London Correctional Inst. (1994), 96 Ohio App.3d 245. Thus, if the notice of judgment is served within three days of entering the judgment on the journal, the appeal time begins to run as of that date. Here, the Judgment Entry was filed on January 26, 1999 and service of notice was completed on January 28, 1999 — within three days of the journalization of the Judgment Entry.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279;Bosco v. City of Euclid (1974), 38 Ohio App.2d 40; Richards v.Industrial Commission (1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App. R. 4 and, pursuant to App. R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982), 8 Ohio App.3d 34. Moreover, the failure to file a timely notice of appeal in a civil case is fatal. Piper v. Burden (1984), 16 Ohio App.3d 174.
The Judgment Entry from which this appeal was taken was filed on January 26, 1999 and the Notice of Appeal was filed on February 26, 1999 — 31 days later.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App. R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal and the appeal is herebyDISMISSED.
This court further finds that since Staffen's notice of appeal was not timely filed, the cross-appeal filed by the Pickaway County Children Services Agency is also not timely filed. Pursuant to App. R. 4(B)(1), the cross-appeal is, therefore, DISMISSED. All pending Motions are DENIED. APPEALAND CROSS-APPEAL DISMISSED. COSTS TO APPELLANT, JOYCE STAFFEN,AND CROSS-APPELLANT, PICKAWAY COUNTY CHILDREN SERVICES. ALLJUDGES CONCUR.
Abele, J. and Evans, J.: Concur.
 ----------------------------------- Roger L. Kline, Presiding Judge