DECISION AND JUDGMENT ENTRY
This is an appeal from a March 13, 2000 Athens County Common Pleas Court judgment.
Initially, we note that appellant filed his notice of appeal on April 13, 2000. This date is beyond the time for filing a notice of appeal. See App.R. 4. Appellant argues that he filed the notice of appeal in accordance with Civ.R. 58(B) and asserting that he did not receive proper notice of the trial court's decision. We disagree with appellant and dismiss this appeal for the reasons that follow.
Civ.R. 58(B) states in pertinent part:
 "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in the manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete."
Judicial interpretation of Civ.R. 58(B) indicates that if the Civ.R. 58(B) notice is not completed within the three day period provided in the rule, the time for filing the notice of appeal, pursuant to App.R. 4(A), does not commence until the service of notice is completed. See State ex rel. Hughes v. Celeste (1993)67 Ohio St.3d 429. See, also, Atkinson v. Grumman Ohio Corp.
(1988), 37 Ohio St.3d 80; Lipscomb v. London Correctional Inst.
(1994), 96 Ohio App.3d 245. Thus, if the notice of judgment is served within three days of entering the judgment on the journal, the appeal time begins to run as of that date. In the case subjudice, the trial court filed the Judgment Entry on March 13, 2000. We note that service of notice was completed on March 13, 2000. Thus, service of notice occurred within three days of the journalization of the Judgment Entry.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v.City of Euclid (1974), 38 Ohio App.2d 40; Richards v. IndustrialCommission (1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal.Ross v. Harden (1982), 8 Ohio App.3d 34. Moreover, the failure to file a timely notice of appeal in a civil case is fatal. Piper v.Burden (1984), 16 Ohio App.3d 174. The Judgment Entry from which this appeal was taken was filed on March 13, 20000 and the Notice of Appeal was filed on April 13, 2000 — thirty-one (31) days later.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App.R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal and the appeal is hereby DISMISSED.
 JUDGMENT ENTRY
It is ordered that this appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Kline, P.J., Abele, J. Evans, J.: Concur
 _____________________ Peter B. Abele, Judge