OPINION
In 1997, appellant, Linh Tran, was granted a manicurist license by appellee, Ohio State Board of Cosmetology ("Board"), following her successful passing of a December 1996, test.
Twenty-one months later, on October 23, 1998, appellant was notified by the Board of its intent to revoke the license on the grounds that appellant had not, in fact, passed the test. An administrative hearing before a Hearing Examiner was held December 15, 1998. On February 26, 1999, the Hearing Examiner recommended that appellant's license be revoked. This report was served upon appellant by certified mail. On April 13, 1999, the Ohio State Board of Cosmetology voted to adopt the report, in toto, and mailed a copy of the order by certified mail to appellant. That notice was returned undelivered on April 26, 1999, noting "forwarding order has expired."
Appellant failed to notify the Board of her new address. She also did not apply for renewal of her manicurist license, which expired on January 30, 1999. The Board made no further effort to serve the April 13, 1999, order.
Appellant filed an appeal from the April 13, 1999, order with the Board on October 4, 1999, and with the Lake County Court of Common Pleas on October 6, 1999.
Appellant processed her judicial appeal pursuant to the provisions of R.C. 119.12. She attached a copy of the Hearing Examiner's recommendation to her notice of appeal.
A component of appellant's subsequent appeal to this court is her complaint that the Board failed to comply with the provisions of R.C.119.12 by filing with the court a record of the administrative proceedings. The administrative record was due November 5, 1999. On December 6, 1999, appellant filed a motion for reversal of the Board's order pursuant to R.C. 119.12, to which the Board filed no response. Our independent examination of the record satisfies us that the record of the administrative proceedings was filed with the court on January 24, 2000.
On December 21, 1999, the Board moved to dismiss the appeal on grounds that the judicial appeal was premature. On January 24, 2000, the common pleas court granted the motion to dismiss and overruled appellant's motion for reversal.
The instant notice of appeal to this court was filed February 22, 2000, and challenges both the order of dismissal and the overruling of the motion for reversal.
Appellant assigns the following assignments of error:
 "I. The common pleas court erred in failing to reverse the order of the State Board of Cosmetology and grant judgment in favor of appellant as required by R.C. 119.12
due to the complete failure of the State Board to file any record whatsoever with the common pleas court.
 "II. The common pleas court erred in dismissing appellant's appeal from the order of the State Board of Cosmetology, which the State Board was enforcing against appellant despite not having served the order upon her."
The claim that the trial court erred in not reversing the order of the Board is grounded in her repeated assertion that the Board failed to certify the record of the administrative proceedings to the common pleas court as required by law.
As noted earlier, the record was certified to the court on January 24, 2000, more than thirty days after the Board received its copy of the notice of appeal.
Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency:
 "[s]hall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply." R.C. 119.12.
Appellant claims the failure of the Board to certify the record for some eighty-two days after the deadline passed is a fatal flaw and requires the court to grant judgment in her favor.
Appellant claims favor of the mandatory language of the statute together with Matash v. State (1964), 177 Ohio St. 55, 202 N.E.2d 305, and Queen City Terminals, Inc. v. Cincinnati (1990), 67 Ohio App.3d 734,588 N.E.2d 870, for the proposition that reversal is mandatory, not discretionary.
Appellee cites Genoa Banking Co. v. Mills (1983), 9 Ohio App.3d 237,459 N.E.2d 584, for the proposition that the reversal is only required if appellant can demonstrate actual prejudice. The Tenth District Court of Appeals, in an opinion written by Judge Moyer, concluded that the party must demonstrate prejudice.
 "To demonstrate actual prejudice, the adversely affected party must show that the superintendent's failure to certify the record within thirty days prejudiced the party's presentation of his case or that the trial court made some prejudicial error as a direct result of the late certification." Id., paragraph two of the syllabus.
 The Tenth District relied on an earlier Supreme Court case which held that the language of the statute requiring a finding in favor of the party "adversely affected" required that the party be prejudiced by the failure. Lorms v. State (1976), 48 Ohio St.2d 153, 357 N.E.2d 1067. In Lorms, the administrative record was timely certified but was not complete. The Supreme Court proceeded to distinguish Matash v. State, supra, noting that there no record was certified. However, the Tenth District, recognizing the distinction, extended Lorms by adopting its "rationale."
We conclude that it is inappropriate to stretch the rationale of Lorms
to a case where there is no effort at compliance within the timely record certification requirement of R.C. 119.12.
Upon the authority of Matash and Queen City, supra, we conclude that the trial court acted contrary to law in failing to sustain the motion of the appellant to reverse the decision of the Board.
The first assignment of error is with merit.
As it relates to the order of the Board and the time for filing a notice of appeal seeking judicial review, the statute provides:
 "After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order * * *." R.C. 119.09.
 "Any party desiring to appeal shall file a notice of appeal with the agency * * * [and] with the court * * *. [S]uch notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section." R.C. 119.12.
Appellant claims the invocation of judicial review from the administrative agency by notice of appeal is distinct from the provisions with respect to filing of such notice of appeal, i.e., the order of the administrative agency triggers the right to appeal to court and the fifteen-day requirement only applies as a condition subsequent to invocation of jurisdiction after receipt of notice of the order by the affected party. Failure to serve notice may extend the time within which an appeal may be filed, but it does not diminish the window. Appellee tenders several cases it claims support a conclusion that the receipt of the order by the agency is a condition precedent to the right of appellate review. In Sun Refining Marketing Co. v. Brennan (1987),31 Ohio St.3d 306, 511 N.E.2d 112, the Supreme Court held that the fifteen-day notice of appeal requirement of R.C. 119.12 does not begin until the agency has fully complied with the notice requirements of R.C.119.09.
In Slone v. Ohio Bd. of Embalmers Funeral Directors (1995),107 Ohio App.3d 628, 669 N.E.2d 288, the court concluded that the fifteen-day window for appeal never began because the notice of the administrative order was never properly served.
We conclude that the execution of the administrative order triggers the party's right of appeal and is independent of the "statute of limitations" which governs the time within which this cause of action must be brought. Nothing in any of the cases cited by appellee denigrates this rationale. Such conclusion is also consistent with principles of appellate review of trial court decisions. Compare Lipscomb v. LondonCorrectional Inst. (1994), 96 Ohio App.3d 245, 644 N.E.2d 1079, appeal not allowed, 71 Ohio St.3d 1436, 643 N.E.2d 142.
By violating its own obligations pursuant to the statute, a governmental agency may not benefit therefrom by claiming that their intransigence denies an aggrieved person judicial review. If the principle espoused by the Board were extended, an agency could effectively foreclose judicial review of its orders by simply not notifying the party.
The second assignment of error is with merit.
The judgment of the Lake County Court of Common Pleas is hereby reversed and the matter is remanded for further proceedings according to law and the tenor of this opinion.
JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., CHRISTLEY, J., concur.