DECISION JUDGMENT ENTRY
On December 18, 2000, it appearing that this appeal was not timely filed because the Judgment Entry from which appellant appeals was filed on October 30, 2000 and the Notice of Appeal was filed on December 1, 2000, this court ordered appellant, Jessie Burchard, to file a memorandum addressing this issue within fifteen days. Appellant filed a memorandum twenty-one days after the filing of this court's Entry asserting that the notice of appeal was filed in accordance with Civ.R. 58(B) because she did not receive the judgment entry within three days of the clerk entering the judgment upon the journal. We disagree and dismiss this appeal for the reasons that follow.
Civ.R. 58(B) states, in pertinent part:
 "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in the manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete." [Emphasis added.]
Judicial interpretation of Civ.R. 58(B) indicates that the time for appeal, pursuant to App.R. 4(A), does not commence until the service of notice required by Civ.R. 58(B) if not made within the three-day period set forth in that rule. State ex rel. Hughes v. Celeste (1993),67 Ohio St.3d 429. See, also, Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80; Lipscomb v. London Correctional Inst. (1994),96 Ohio App.3d 245; Conley v. Conley (June 13, 2000), Athens App. No. 00CA17, unreported. Thus, if the notice of judgment is served within three days of entering the judgment on the journal, the appeal time begins to run as of the entering of the judgment on the journal. Civ.R. 5(B), as referenced by Civ.R. 58(B), states that "[s]ervice by mail is complete upon mailing."
Here, the Judgment Entry was filed on October 30, 2000, mailed on October 30, 2300 and notation of the service in the appearance docket was entered on October 30, 2000. Thus, service of notice was completed on October 30, 2000 — within three days of the journalization of the trial court's Judgment Entry.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v. City ofEuclid (1974), 38 Ohio App.2d 40; Richards v. Industrial Commission
(1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982),8 Ohio App.3d 34. Moreover, the failure to file a timely notice of appeal in a civil case is fatal. Piper v. Burden (1984), 16 Ohio App.3d 174. The time to file a timely notice of appeal began to run on October 30, 2000. A timely appeal could have been filed no later than thirty days thereafter or November 29, 2000. Appellant's Notice of Appeal was filed on December 1, 2000 — thirty-two (32) days later.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App.R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal and the appeal is hereby DISMISSED.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, P.J. Concur
 ____________________________________ Roger L. Kline, Administrative Judge